703 So.2d 1216 (1997)
Kesanic CRUME, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0671.
District Court of Appeal of Florida, Fifth District.
December 31, 1997.
*1217 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kelli R. Orndorff, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Kesanic Crume (defendant) appeals the trial court's order finding that he willfully violated the terms of his probation by failing to report to his probation officer upon his release from the Orange County Jail. We reverse because there is no competent record evidence establishing that the defendant was instructed to so report.
After entering no contest pleas to charges of violating his probation, the defendant was sentenced to a term of 51 months in the Orange County Jail. Upon completion of this jail sentence, the defendant resumed his residence in Orange County. Twenty-one days after he was released from custody, a warrant was issued for the defendant's arrest alleging that he had violated his probation by failing to report to his probation officer as instructed.
At the violation of probation hearing, the defendant testified that he was never advised in person or in writing to report to the probation office upon his release. The only evidence presented by the state in this regard was the testimony of a supervisor from the probation office. The supervisor stated, "According to our records, he was supposed to be released and report to us after his release from the Orange County Jail, which he failed to do." The supervisor did not state who prepared the record. When specifically asked whether the defendant had been instructed to report to the probation office upon his release, the supervisor responded, "[T]here was no, there was nothing in the file to say that...." Additionally, our independent review of the written probation order reveals that the order does not include an instruction that the defendant report to the probation office upon his release from jail.
Before a trial court can revoke a defendant's probation, the state must prove by a preponderance of the evidence that the defendant willfully violated a substantial condition of his probation. Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996); Kolovrat v. State, 574 So.2d 294, 297 (Fla. 5th DCA 1991). Although hearsay evidence is admissible in violation of probation hearings, a violation cannot be sustained solely on hearsay evidence. Andrews v. State, 693 So.2d 1138, 1141 (Fla. 1st DCA 1997).
In the instant case, the only evidence submitted by the state to prove that the defendant was instructed to report to the probation office was the uncorroborated hearsay testimony of the probation supervisor. The source of this hearsay was an entry *1218 in the supervisor's file, the author of which was undisclosed. The state offered no substantive evidence that the defendant was instructed to report to a probation officer upon his release. As a result, the state failed to meet its burden of proof. We must therefore reverse.[1]See Ware v. State, 575 So.2d 759 (Fla. 4th DCA 1991).
ORDER REVERSED.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] We recognize that trial judges are burdened with technical requirements which make sentencing proceedings tedious and provide less time for meaningful dialogue with the defendants and victims. As a result, it is understandable that judges sometimes fail to advise defendants that it is their responsibility to contact their respective probation offices upon release from incarceration. We note that the Circuit Court in Brevard County has addressed this problem by including in its probation orders the following special condition:

You shall report in person within 72 hours of your release from confinement to the Probation and Parole Office in Brevard County, Florida, unless otherwise instructed by your officer. (This condition applies only if released from the Department of Corrections confinement.) Otherwise, you must report immediately to (address of Probation and Parole).