GOSHORN, Judge.
Robert Adickes was sentenced to a ten-year prison term upon violation of probation. He appeals the denial of his motion to dismiss the violation of probation affidavit, having reserved his right to do so when he pled no contest to violating probation. Adickes contends that the affidavit should have been dismissed because any violation was not willful; he was told upon his prior release from prison that he was not on probation, despite his contentions otherwise and his attempts to enroll in a drug treatment program as a condition thereof. See, e.g., Crume v. State, 703 So.2d 1216, 1217 (Fla. 5th DCA 1997) (“Before.a trial court can revoke a defendant’s probation, the state must prove by a preponderance of the evidence that the defendant willfully violated a substantial condition of his probation.”). The Department of Corrections does not dispute that it gave “affirmative misadvice,” describing the error as “administrative oversight.” We agree with Adickes that these facts do not support a finding of willfulness and order the dismissal of the affidavit of probation violation.
Adickes seeks reinstatement of his original ten-year probation term with credit for time previously served on probation, to follow his release from prison on the sentences he is currently serving on other offenses. .The State does not oppose the relief sought. Accordingly, we reverse and remand for entry of an order reinstating Adickes’s ten-year probation term in Case No. CR9H1617, with credit for time Adickes was previously on probation in that case.
SENTENCE VACATED; REVERSED AND REMANDED.
GRIFFIN, C.J., and PETERSON, J., concur.