727 So.2d 975 (1999)
Robert L. MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3356.
District Court of Appeal of Florida, Fifth District.
January 8, 1999.
Rehearing Denied February 26, 1999.
*976 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Simone P. Firley, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Morris timely appeals from sentences imposed following revocation of his probation. In two different criminal cases, Morris had been convicted of trafficking and stolen property and grand theft, and he had been placed on probation for both. In September 1997, an affidavit was filed charging Morris with violating his probation by committing the new offenses of battery and resisting arrest without violence. Morris argues on appeal that the evidence against him was solely hearsay and was not sufficient to sustain the trial court's finding that he violated probation. We affirm.
At the probation violation hearing the victim of the domestic violence, Morris' girlfriend, and her 13-year-old daughter, who was present at the scene, did not testify against him. Their earlier statements to others were repeated. Morris' probation supervisor testified the girlfriend told him that Morris came home drunk, twisted her arm, bit her, and threatened her. She told him her daughter was awakened by the struggle, and called the police. The deputies who responded to the daughter's 911 call testified the daughter told them Morris had hurt her mother and that they were having a fight.
Hearsay evidence is admissible in violation of probation hearings, but a violation cannot be sustained solely on the basis of hearsay evidence. Crume v. State, 703 So.2d 1216 (Fla. 5th DCA 1997); Jones v. State, 423 So.2d 513 (Fla. 5th DCA 1982). The statements referenced above were hearsay, but the substance of the statements was corroborated by the deputies' testimony at the hearing, which was direct evidencenot hearsay.
They testified to what they observed when responding to the 911 call: broken glass and shelves on the floor of the trailer, evidencing the struggle; the victim curled up on a chair with a bruise on one arm and what appeared to be a bite mark on the other; and both the victim and the daughter crying and apparently terrified. Morris was belligerent and hostile towards the deputies and wrestled with them, which resulted in his being shackled. He also tried to break out the windows of the patrol car while being taken to the police station. This evidence and reasonable inferences from it are sufficient to establish by a preponderance of the evidence that Morris *977 committed battery and resisted arrest without violence. Thus we conclude the violation of probation determination should be upheld. See Robinson v. State, 468 So.2d 1106 (Fla. 2d DCA 1985).
As supplemental authority, Morris has submitted a copy of his acquittal on the battery charge arising out of this incident. That, however, is not determinative in this case. An acquittal in a criminal case does not preclude the judge from determining that a parole or probation violation has occurred based on the same conduct. Russ v. State, 313 So.2d 758 (Fla.), cert. denied, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975); State v. Green, 667 So.2d 959 (Fla. 2d DCA 1996); Cavalcante v. Florida Parole and Probation Commission, 414 So.2d 658 (Fla. 1st DCA 1982). This is because a criminal case must be proven beyond a reasonable doubt and a probation violation need only be proven by a preponderance of the evidence. Adickes v. State, 712 So.2d 815 (Fla. 5th DCA 1998); Crume v. State, 703 So.2d 1216 (Fla. 5th DCA 1997).
At the violation of probation hearing, the trial court stated that it was sentencing Morris to five years in prison for case no. 92-12098. The written order in the record mistakenly reflects a sentence of fifteen years. This should be corrected. Accordingly, we affirm this case but remand for correction of the sentence to reflect the oral statement of the trial court.
AFFIRMED; REMANDED for Correction of Sentence.
PETERSON and THOMPSON, JJ., concur.