742 So.2d 418 (1999)
Elijah YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 99-751.
District Court of Appeal of Florida, Fifth District.
September 10, 1999.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for appellee.
COBB, J.
The issue on this appeal is whether the trial court could properly find that the appellant, Young, violated his probation by making hostile contact with the victim, White, when that finding was based on the hearsay testimony of an investigating officer to whom White related her version of the incident and on supporting photographs showing the injuries to White.
Young contends on appeal that although hearsay is admissible at a violation of probation hearing, it is error to revoke probation solely based on hearsay, citing several cases for that proposition. See, e.g., Purvis v. State, 397 So.2d 746 (Fla. 5th DCA 1981). The state's response to this argument is that hearsay evidence supported by direct evidence can sustain a finding of *419 probation violation; here, in addition to the hearsay, there were photographs of the injuries to White as well as the direct testimony by the officer as to her observations.[1]
In Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999) we upheld the trial court's revocation of probation which was predicated upon the hearsay testimony of investigating officers as to what had been told to them by a mother and daughter at the scene of a domestic violence incident as well as upon the direct testimony of the officers as to what they observed at the scene: broken glass and shelves evidencing a struggle; a bruise and bite mark on the victim mother; the distraught appearance of both mother and daughter; and the belligerent attitude of the defendant at the scene.
In the instant case the hearsay testimony was supported by the officer's description of the distraught appearance of the victim when the officer responded to a 911 call; the officer described the physical appearance of the victim's wounds to her arm and mouth; and photographs of the victim's wounds were introduced into evidence. Morris is directly on point and is dispositive.
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] The state also argues that the officer's testimony as to what White had told her constituted an exception to the hearsay rule as an "excited utterance" pursuant to section 90.803(2), Florida Statutes (1997). The trial court made no such finding, however, and we therefore reject this argument by the state.