KLEIN, J.
Appellant was charged with sexual battery and burglary with an assault or battery. A jury acquitted him of the sexual battery, but found him guilty of the lesser included offense of burglary of an occupied dwelling. In light of the acquittal and the manner in which the jury was instructed, we conclude that a new trial is required.
According to the victim, the appellant, who had been with her earlier in the evening, entered her house during the night while she was asleep. She woke up to find him on top of her and, when she protested, appellant left. She later discovered that a screen had been removed from one of her bedroom windows.
Although appellant did not testify, his counsel argued in closing that he had been invited to return to the house for the purpose of having sex with the victim, and that he had entered her bedroom window with her permission so that her children, who were sleeping in the front of the house, would not know he was there.
At the jury instruction conference, the trial court informed counsel that if the jury found appellant guilty of burglary, but not guilty of sexual battery, the trial court would set aside the verdict on the ground that it was inconsistent. The comb’s reasoning was that in order for appellant’s entry into the house to have constituted a burglary, he must have intended to commit an offense, and the only offense could have been the sexual battery. Based on the trial court’s agreement that it would set aside a verdict, appellant requested that the jury not be instructed on the lesser included offense of trespass.
The jury found appellant guilty of burglary, but not guilty of sexual battery. The state then persuaded the trial court that the verdict was not defective, and the court allowed it to stand.
Appellant fust argues that the verdict was inconsistent and the trial court should have granted his motion for judgment of acquittal. We disagree. The type of inconsistency which occurred in this case can result from lenity, i.e., the jury simply deciding to acquit on a charge even though *450 there was ample evidence to support it. State v. Powell, 674 So.2d 731 (Fla.1996); Eaton v. State, 438 So.2d 822 (Fla.1983). Accordingly this verdict, in and of itself, is not a problem.
There is a problem, however, resulting from the appellant’s reliance on the trial court’s agreement to set aside the verdict in the event the jury acquitted appellant of sexual battery. It was because of that agreement that appellant decided to not have the jury instructed on trespass as a lesser included offense of burglary. Appellant argues that the jury, which found him not guilty of sexual battery, might well have found him guilty of a lesser included offense of burglary, such as trespass, if the jury had been instructed on lesser included offenses.
We agree with the appellant that if he had not relied on that agreement, and the jury had been instructed on lesser included offense, the outcome might well have been different. Fundamental fairness requires that we reverse for a new trial.
FARMER and HAZOURI, JJ., concur.