764 So.2d 834 (2000)
John Daniel McFARLAND, Appellant,
v.
STATE of Florida, Appellee.
Nos. 5D99-2363 to 5D99-2365.
District Court of Appeal of Florida, Fifth District.
August 4, 2000.
James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
McFarland appeals from the revocation of his probation and imposition of sentences, following a determination that he committed arson. McFarland argues that there was insufficient non-hearsay evidence to support the revocation of his probation. We agree.
Before a trial court can revoke a defendant's probation, the state must prove by a preponderance of the evidence that the defendant willfully violated a substantial condition of his probation. Crume v. State, 703 So.2d 1216 (Fla. 5th DCA 1997). Hearsay evidence is admissible in violation of probation hearings but a violation cannot be sustained solely on the basis of hearsay evidence. Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999); Crume; Williams v. State, 553 So.2d 365 (Fla. 5th DCA 1989).
In the present case, while Orange County deputies were assisting the fire department in containing a house fire, a deputy spotted a flaming device being thrown. He discovered a beer bottle with paper in it a few houses away from the fire. Deputies went to a house in the direction from *835 which the bottle appeared to have been thrown. Kristian Hutsenpiller eventually emerged from the house. She told deputies and the fire marshal that the people they were looking for (McFarland and another man) were inside and that McFarland told her that he set some houses on fire.
At the revocation hearing, Hutsenpiller's statements were introduced through the testimony of the fire marshal and deputy. Hutsenpiller, herself, testified that she could not remember making these statements, and denied that McFarland said that he had set the house on fire. Ms. Hutsenpiller's statement to the fire marshal and deputy about what McFarland told her was double hearsay. Had Hutsenpiller so testified at the hearing, it may have been admissible as an admission against interest or confessionstill hearsaybut admissible to prove the violation as a substantive matter.[1] But she recanted and denied saying that McFarland said anything about setting houses on fire. So the statement is not admissible on that basis.
The state argues there is other direct evidence and circumstantial evidence against McFarland. McFarland and his friend were found (faking sleep) in a bedroom in a house some distance from the house which had been set on fire. Both were arrested and the friend accused McFarland of the arson, but again he did not testify and this was a statement an officer testified the friend made to him (double hearsay).
Investigators found a charcoal lighter-fluid can in a waste basket, in the bathroom adjoining the bedroom where McFarland and his friend were found covered up by a rag or t-shirt. Beer bottles were found in the trash in a closet in that bedroom, as well as in the kitchen and other places in the house. However, there were other people in the house, all of whom had been drinking beer. No prints on the bottles thrown matched McFarland's prints, nor prints on the can of lighter fluid. The arson of the dwelling was said to be a set fireincendiary. But charcoal lighter fluid was not found at that site. The chemical witness for the state said the burned debris was "totally different" from the lighter fluid found in the residence.
In sum, the only evidence linking McFarland to the arson was Hutsenpiller's hearsay statement. Since revocation of probation cannot be based on hearsay alone, we vacate the orders revoking McFarland's probation and the sentences imposed following that revocation of probation. See Wyns v. State, 679 So.2d 882 (Fla. 5th DCA 1996) (evidence did not support finding that probationer had committed offenses of battery; alleged victim testified that she was not battered and hearsay statements of police officers could not by themselves support probation violation).
REVERSED; Sentences VACATED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Jones v. State, 423 So.2d 513 (Fla. 5th DCA 1982).