780 So.2d 266 (2001)
Billy Joe GONZALES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2815.
District Court of Appeal of Florida, Fourth District.
February 28, 2001.
*267 Billy Joe Gonzales, Raiford, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Bart Schneider, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
This is an appeal from an order summarily denying appellant's rule 3.850 motion directed to the sentence he received as a result of the revocation of his probation. He argues that the revocation, which was grounded on appellant's committing an aggravated battery, should be set aside because, after the revocation, a jury found him not guilty of the aggravated battery.
The fact that appellant was acquitted of aggravated battery by a jury does not mean that his probation could not be revoked based on the same facts. Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999)(acquittal in a criminal case does not preclude the judge from determining that probation violation has occurred based on the same conduct-criminal case must be proven beyond a reasonable doubt and a probation violation need only be proven by a preponderance of the evidence); Russ v. State, 313 So.2d 758 (Fla.1975)(It does not violate double jeopardy to revoke probation even though defendant was acquitted of criminal charges based on same facts); Williams v. State, 573 So.2d 124 (Fla. 4th DCA 1991)(circumstances surrounding charge were sufficient to warrant revocation of probation, but insufficient to sustain conviction).[1]
We therefore conclude that the fact that the jury found appellant not guilty of the crime of aggravated battery does not require that the revocation of his probation, grounded on the facts underlying the aggravated battery charge, be set aside. Affirmed.
POLEN and SHAHOOD, JJ., concur.
NOTES
[1] In Maximino v. State, 745 So.2d 1128 (Fla. 4th DCA 1999) our entire opinion was as follows:

Appellant's probation was revoked after he was charged with burglary and sexual battery. After the revocation, he was acquitted of the sexual battery, and in Maximino v. State, 747 So.2d 448 (Fla. 4th DCA 1999), we reversed his conviction for burglary for a new trial. In light of these developments, we have concluded that the revocation of probation should be reversed and reconsidered by the trial court.
We are unable to determine from this brief opinion precisely why we reversed. It appears, however, that our reversal was not based on double jeopardy, because if it had been based on double jeopardy we would not have authorized the trial court to reconsider the revocation. Maximino, accordingly, does not support appellant's double jeopardy argument.