793 So.2d 87 (2001)
Cecil Dwayne BALES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4919.
District Court of Appeal of Florida, Second District.
August 15, 2001.
*88 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Davis G. Anderson, Jr., Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Cecil Bales contends the evidence was insufficient to support the circuit court's order revoking his community control. We agree and reverse.
Bales's probation officer filed an affidavit alleging that Bales had violated condition 5 of his community control by committing the new offense of battery and that he had visited a pub in violation of condition 12, which required him to remain at his approved residence. At the revocation hearing, the only evidence that supported the charge was that of a police officer who interviewed Bales's girlfriend, Cathy McCarthy, at the hospital. The officer testified that McCarthy recounted having a domestic altercation with Bales at a pub. According to the officer, McCarthy said Bales had punched her in the face and pushed her. The officer observed some redness on her elbow. He interviewed no other witnesses. Bales's probation officer testified that he had not given permission for Bales to go to the pub. The court found that Bales had violated condition 5 by battering McCarthy.
Hearsay evidence that would be inadmissible in a criminal trial cannot form the sole basis for revoking probation. Gammon v. State, 778 So.2d 390, 392 (Fla. 2d DCA 2001). Here, the court grounded its finding on the officer's description of McCarthy's statements at the hospital. Standing alone, this pure hearsay was insufficient.
The State argues that McCarthy's statements would have been admissible at a criminal trial under the excited utterance exception to the hearsay rule. The officer did briefly refer to McCarthy's agitated state at the time she made her statements. But he also related that the alleged battery had occurred "earlier that day." The officer's testimony did not meet the prerequisites for admission of hearsay under the exception, i.e., that the statements relate to a startling event or condition and were made while the declarant was under the stress of excitement caused by the event or condition. See § 90.803(2), Fla. Stat. (2000).
Accordingly, we reverse the order revoking Bales's community control.
PARKER, A.C.J., and CASANUEVA, J., Concur.