PER CURIAM.
We do not find Appellant’s lawyer provided ineffective assistance of counsel by failing to continue or postpone his violation of probation hearing until after his trial on the charges which served as the basis for the State’s allegation that he violated his probation. The trial court could have revoked his probation irrespective of his acquittal on criminal charges. See Gonzales v. State, 780 So.2d 266, 267 (Fla. 4th DCA 2001)(“The fact that appellant was acquitted of aggravated battery by a jury does not mean that his probation could not be revoked on the same facts.”); Monis v. State, 727 So.2d 975 (Fla. 5th DCA 1999)(acquittal in a criminal case does not preclude a probation violation based on the same conduct because in a criminal case guilt must be proven beyond a reasonable doubt whereas in a probation violation case guilt need only be proven by a preponderance of the evidence).
Accordingly, we affirm the order denying his rule 3.850 motion for postconviction relief without prejudice to file a timely petition seeking a belated appeal of the order finding he violated his probation pursuant to Florida Rule of Appellate Procedure 9.141(c).
DELL, STEVENSON and HAZOURI, JJ., concur.