805 So.2d 873 (2001)
Michael BLAIR, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-0235.
District Court of Appeal of Florida, Second District.
September 14, 2001.
*875 James Marion Moorman, Public Defender, and Joanna B. Conner, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Michael Blair challenges the trial court's revocation of his probation. Due to the insufficiency of the evidence, we reverse the finding that he violated his probationary terms by committing a battery. We affirm the finding that he violated a condition of his probation by using alcohol. Because it is not clear that the trial court would have revoked Blair's probation solely on the alcohol violation, we reverse the revocation of probation and remand this matter for reconsideration by the trial court.
In 1997, Blair entered a plea of nolo contendere to aggravated assault and was placed on probation. Among the various conditions of probation, condition four was that "[y]ou will not use intoxicants to excess or possess any illegal drugs or narcotics unless prescribed by a physician. You will not visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used."
In February 1998, Blair was charged with violating condition four and a condition requiring compliance with the probation officer's instructions. The trial court found that there was insufficient evidence of any violation and dismissed the charges. In the order of dismissal dated May 22, 1998, the trial court imposed additional conditions, one of which, special condition two, directed Blair to "not consume nor possess any alcoholic beverages." Blair later acknowledged in writing that his probation officer instructed him concerning the additional conditions. He did not appeal the order imposing the additional conditions.
In July 1998, Blair was charged with violating various conditions of his probation. In March 1999, he pleaded guilty and an order was entered continuing Blair's probation and requiring Blair to complete the previously imposed conditions. Blair did not challenge the conditions of his probation in the trial court, and he did not appeal the trial court's order.
In May 1999, Blair was again charged with violating several conditions of his probation. He was alleged to have committed a domestic battery in violation of the condition that he not violate any law, and he was alleged to have consumed or possessed alcohol in violation of special condition two. An evidentiary hearing was held in January 2000. In those proceedings, Blair did not challenge the validity of special condition two, restricting his consumption and possession of alcohol. Blair was found guilty of violating the law and violating special condition two. Blair appeals from the order finding him in violation of his probation.
Limited evidence was offered at the January 2000 hearing. A deputy with the Pinellas County Sheriff's Office responded *876 to a 911 call and met with the victim, Blair's wife. The victim was visibly shaken and upset, and her hair was matted. Over the hearsay objection of Blair, the deputy was allowed to testify as to statements made by the victim. The victim told the deputy that Blair was angry and intoxicated. Blair had grabbed the victim's arm and wrist and then dragged her by her hair through their house. The deputy described the house as being in disarray with floor plants and pictures knocked over.
The deputy stated that approximately forty-five minutes after responding to the call, she found Blair at a nearby store. Blair smelled of alcohol, had glazed eyes, was unsteady on his feet, and appeared to have been drinking.
No other evidence was offered regarding Blair's commission of a battery. The victim did not testify and no eyewitnesses testified concerning what had occurred. The deputy did not observe the battery, and apart from the hearsay testimony, there was no evidence that a battery had occurred and that Blair was the perpetrator of a battery.
Blair testified and stated that he could not recall whether he had been drinking on the day in question. He did not testify about the circumstances surrounding the alleged battery.
In support of the revocation of probation due to Blair's alleged commission of a battery, the State argues that the deputy's observations and her testimony regarding statements made by the victim constitute sufficient evidence of a violation of probation. The State relies primarily upon Young v. State, 742 So.2d 418 (Fla. 5th DCA 1999), and Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999).
We cannot agree with the State's conclusions. In Morris, hearsay evidence was supported by the independent observations of the deputies. The deputies responded to a 911 call and observed the victim's injuries, including a bite mark and bruises, and noted that the victim and her daughter were crying and terrified. The deputies also observed broken glass and broken shelves, evidencing a struggle. The defendant, who was at the scene, was belligerent and hostile, wrestled with the deputies, and tried to break out the windows of the patrol car. Id. at 976.
In Young, the substance of the hearsay evidence was also corroborated by the police officer's testimony. The officer testified that she had responded to a 911 call. She described the distraught appearance of the victim and the wounds to the victim's arm and mouth. Additionally, photographs of the wounds were introduced into evidence. Young, 742 So.2d at 419.
Here, the evidence provided by the deputy was not as extensive as the evidence given in Young and Morris. Although the deputy responded to a 911 call, her contact with Blair was not at the scene but was at a store some forty-five minutes after the deputy met with the victim. The deputy noted that the victim's house was in disarray, but the deputy did not identify any victim injuries and no photographs of any injuries were introduced into evidence.
When the deputy met with Blair, she noted that Blair appeared to have consumed alcohol. There was no evidence that he was belligerent to the deputy, and he did not say anything that could be deemed to be an admission to the battery.
Although hearsay evidence is admissible in a probation revocation hearing, it cannot be the sole basis of the revocation. Colina v. State, 629 So.2d 274, 275 (Fla. 2d DCA 1993); Clayton v. State, 422 So.2d 83, 84 (Fla. 2d DCA 1982). The record reveals that the only evidence linking *877 Blair to the commission of a battery was the hearsay testimony of the deputy concerning what the victim said had occurred. While the victim's physical state and the appearance of the residence suggested to the deputy that a struggle had occurred, the deputy's observations could not connect Blair to the alleged battery.
The State also argues that the victim's statements were admissible under the excited utterance exception to the hearsay rule. See § 90.803(2), Fla. Stat. (1997). In the trial court, the State did not assert and the trial court did not make a factual finding that the statements were excited utterances. See Stoll v. State, 762 So.2d 870, 873-74 (Fla.2000). Without the necessary predicate for admission of the statements as excited utterances, we must reject this argument. Id. Because inadmissible hearsay testimony was the sole evidence that Blair had committed a battery, the revocation of probation on that ground was improper.
The second basis found by the trial court in support of the revocation of Blair's probation was that Blair used alcoholic beverages in violation of special condition two of his probation. That condition had been added as a condition of Blair's probation in May 1998, even though the trial court determined that Blair was not in violation of his probation. In this appeal, Blair argues for the first time that special condition two was an illegal enhancement of his probation and that he could not be convicted of violating an illegal enhancement.
Blair did not appeal the May 1998 order. Subsequently, he was charged with a violation of probation. In March 1999 he pleaded guilty to the violation, and the trial court continued Blair's probation but ordered Blair to complete the previously imposed conditions. Blair did not assert at that time that the May 1998 order included an illegal enhancement of the conditions of his probation, and he did not appeal from the order continuing his probation.
Blair also did not challenge special condition two in the current revocation proceedings until this appeal. While a double jeopardy challenge may be raised for the first time in an appeal, Hunt v. State, 769 So.2d 1109, 1110 (Fla. 2d DCA 2000), under the circumstances of this case we conclude that reversal on this issue is not warranted.
A trial court must first determine that there has been a violation of probation before it can enhance the terms and conditions of probation. Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994). An enhancement of probation where there is no proof of a violation of probation is a violation of "the double jeopardy prohibition against multiple punishments for the same offense." Id.; see also Cole v. State, 745 So.2d 1001, 1002 (Fla. 2d DCA 1999). Under Lippman, the test as to whether the modification of a condition of probation is an improper enhancement turns on whether the change is more restrictive than the original condition. Lippman, 633 So.2d at 1064.
An original condition of Blair's probation was that he not use intoxicants to excess. The added condition, special condition two, was that Blair not consume or possess any alcoholic beverages. Because special condition two was more restrictive than the original condition and it was imposed even though the trial court found that Blair had not violated his probation, it constitutes an illegal enhancement. See Waldon v. State, 670 So.2d 1155, 1159 (Fla. 4th DCA 1996).
While the imposition of special condition two was an illegal enhancement of the original conditions of probation and a *878 violation of double jeopardy principles, we must determine whether Blair has waived the double jeopardy issue. The question of a waiver is particularly significant in light of the sequence of events in this case. After special condition two was added, Blair was charged with and pleaded guilty to a violation of probation. While special condition two was not the basis of the charged violation, the plea in March 1999 was given in exchange for an agreed continuation of probation. The trial judge noted that the State was seeking a prison term for Blair due to his violation of probation. Nevertheless, the trial judge continued Blair's probation and specified that Blair must complete the previously imposed conditions of probation.
In State v. Johnson, 483 So.2d 420, 421 (Fla.1986), the supreme court noted, "[T]here may be limited instances in which a defendant may be found to have knowingly waived his double jeopardy rights." Where a guilty plea is bargained for, double jeopardy claims as to the conviction and sentence are waived. Novaton v. State, 634 So.2d 607, 609 (Fla.1994); see also Melvin v. State, 645 So.2d 448, 449 (Fla.1994).
Blair should have appealed the addition of special condition two when it was originally imposed in 1998. See Baxter v. State, 596 So.2d 460 (Fla. 2d DCA 1991). He did not do so, and in March 1999, Blair accepted the benefit of the continuation of his probation. See id.
We also note that prior to pleading guilty to the violation of probation in March 1999, Blair was aware of special condition two. In February 1999, Blair was instructed by his probation officer regarding that condition, and Blair acknowledged the condition in writing. Because of Blair's knowledge of the conditions of his probation, his repeated failure to raise the issue of the illegal enhancement in the trial court or in any prior appeal, and his plea of guilty to a violation of probation in exchange for the continuation of his probation, we conclude that Blair waived his double jeopardy claim and cannot now complain of the 1998 enhancement of the conditions of his probation. We thus affirm the finding that Blair violated his probation due to the use of alcohol.
The record is not clear that the trial court would have revoked Blair's probation solely on the finding that he used alcohol in violation of the conditions of his probation; therefore, we reverse the order revoking probation. We remand this matter so that the trial court may reconsider whether Blair's probation should be revoked because of his use of alcohol and, if so, the sentence to be imposed. See Astore v. State, 618 So.2d 790, 792 (Fla. 2d DCA 1993); Smith v. State, 664 So.2d 72, 72-73 (Fla. 3d DCA 1995).
In summary, we reverse the finding that Blair violated his probation due to the commission of a battery; we affirm the finding that he violated his probation due to the use of alcohol; we reverse the order of revocation of probation; and we remand with directions to the trial court to reconsider the revocation of probation.
Reversed in part, affirmed in part, and remanded with directions.
BLUE, C.J., and STRINGER, J., Concur.