PER CURIAM.
Affirmed. The appellant, Charles Robertson, was placed on probation on December 9, 1998. He was accused of committing an attempted burglary later that same day. We reject his challenge to the sufficiency of the evidence submitted at the hearing to revoke his probation. “Proof sufficient to allow a criminal conviction is not required to support a trial judge’s discretionary order revoking probation; the state need only show by a preponderance of the evidence that the defendant committed the offense charged.” Amador v. State, 713 So.2d 1121, 1122 (Fla. 3d DCA 1998).
We also reject the appellant’s complaint that the trial court relied on hearsay evidence. Hearsay evidence is admissible in violation of probation hearings and can sustain a violation when corroborated by direct evidence. See Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999). Here, the prosecution presented the hearsay statements of the confidential informant which were corroborated by the direct observations of the police officers surveilling the scene of the attempted burglary. Thus, the evidence was sufficient to uphold the revocation of probation.