815 So.2d 674 (2002)
Conrad P. ARNDT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2373.
District Court of Appeal of Florida, Fifth District.
March 28, 2002.
Rehearing Denied May 8, 2002.
James B. Gibson, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tammy L. Jaques, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
In this belated appeal Conrad Arndt challenges the trial court's revocation of *675 his probation.[1] We affirm.
Arndt was sentenced to a two year probation term after having pled guilty to a drug charge. One week into his probation, the State filed a petition charging Arndt with violating his probation by committing the new substantive offense of battery. At the violation of probation hearing, Richard Silva, an Osceola County Sheriffs Deputy, testified that he was the officer directed to respond to a report of criminal activity. Upon arriving at the scene, Silva encountered the victim. The victim told Silva she had argued with Arndt, and reported that Arndt had slapped her across her face. Silva testified that he observed redness on the side of the victim's face and her ear. According to Silva, when he approached Arndt, Arndt refused to speak with him and was visibly upset. Based on this testimony, the trial court adjudicated Arndt guilty of violating his probation.
Arndt contends that the trial court erred when it revoked his probation based on Deputy Silva's hearsay testimony and "scant other evidence".[2] We disagree and conclude that, in revoking Arndt's probation, the trial court properly relied on Young v. State, 742 So.2d 418 (Fla. 5th DCA 1999), rev. denied, 751 So.2d 1255 (Fla.2000).
In Young, the defendant contended that the trial court improperly adjudicated him guilty of violating his probation based solely upon hearsay evidence submitted by an investigating police officer. This court affirmed the revocation of probation explaining that the officer's testimony contained both hearsay and direct evidence of guilt:
[T]he hearsay testimony was supported by the officer's description of the distraught appearance of the victim when the officer responded to a 911 call; the officer described the physical appearance of the victim's wounds to her arm and mouth; and photographs of the victim's wounds were introduced into evidence.
Young, 742 So.2d at 419.
As in Young, here the State submitted direct evidence which corroborated the hearsay evidence including Silva's eyewitness testimony concerning the physical appearance of the victim. Although hearsay evidence alone is insufficient to support a revocation of probation, here Silva's hearsay testimony was coupled with his eyewitness testimony concerning the victim's reddened face and ear and a description of Arndt's appearance. The lack of a photograph of the victim's reddened face and ear does not render the evidence insufficient.
Contrary to Arndt's contention, the case of Bales v. State, 793 So.2d 87 (Fla. 2d DCA 2001) does not dictate a different result. Although a witness in that case testified to seeing redness on the elbow of the victim, the trial court did not utilize that evidence in reaching the conclusion that the evidence of a probation violation was insufficient. As the Second District noted: "Here, the court grounded its finding on the officer's description of [the victim's] statements at the hospital. Standing alone, this pure hearsay was insufficient."
AFFIRMED.
SHARP, W., J., concurs.
THOMPSON, C.J., dissents with opinion.
*676 THOMPSON, C.J., dissents.
I respectfully dissent. During the violation of probation hearing, the deputy testified that he did not know if the victim and Arndt fought, or if the victim had struck Arndt. Furthermore, he testified that Arndt was visibly upset when the deputy tried to talk with him. Realizing that this court must review the lower court's probation revocation decision for abuse of discretion, see Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992), I disagree with the reasoning in the opinion.
The opinion of this court relies upon Young v. State, 742 So.2d 418 (Fla. 5th DCA 1999) for the proposition that hearsay together with direct evidencethe deputy's testimony about his observations of the victimare sufficient to support a probation revocation. In Young, this court relied on Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999), characterizing it as "on point and ... dispositive." Id. In Morris, police officers testified that the victim and her daughter had said that the defendant twisted the victim's arm. Morris, 727 So.2d at 976. The police officers also testified that they observed:
broken glass and shelves on the floor of the trailer, evidencing the struggle; the victim curled up on a chair with a bruise on one arm and what appeared to be a bite mark on the other; and both the victim and the daughter crying and apparently terrified. [The defendant] was belligerent and hostile towards the deputies and wrestled with them, which resulted in his being shackled. He also tried to break out the windows of the patrol car while being taken to the police station.
Id. at 976.
Young and Morris are distinguished from the instant case because in both cases, there was independent physical corroboration of the victim's testimony. In Young the evidence included photographs of wounds and evidence of a victim who appeared distraught. In Morris the court had evidence of a terrified victim and daughter, broken glass, broken shelves and aggressively violent behavior by the defendant. In the instant case, in contrast, the sole evidence offered to corroborate the hearsay was a reddened face and ear. Hearsay evidence alone is insufficient evidence to support a revocation of probation, and hearsay evidence coupled with a reddened face and ear, without more, does not rise to the level necessary for the state to carry its evidentiary burden, either.
This case, I think, is more like Bales v. State, 793 So.2d 87 (Fla. 2d DCA 2001). In Bales, the Second District Court of Appeal held that a victim's hearsay evidence of a domestic altercation which included the defendant punching the victim, and redness on an elbow was not enough to sustain a revocation of probation. See also Blair v. State, 805 So.2d 873 (Fla. 2d DCA 2001). Here I would find that the state did not meet its burden of proving by the greater weight of the evidence that Arndt willfully violated a substantial condition of his probation. See Rothery v. State, 757 So.2d 1256, 1258 (Fla. 5th DCA 2000); Strunk v. State, 728 So.2d 320, 321 (Fla. 5th DCA 1999); Anderson v. State, 711 So.2d 106 (Fla. 4th DCA 1998); Garcia v. State, 701 So.2d 607 (Fla. 2d DCA 1997).
NOTES
[1] See Arndt v. State, 790 So.2d 603 (Fla. 5th DCA 2001).
[2] This court must review the trial court's probation revocation decision for abuse of discretion. Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992).