COBB, J.
The issue posed by this appeal is whether a probationer (Davis) is subject to revocation solely on the basis of judicial notice taken of the affidavit of a sheriffs deputy filed in a separate case wherein Davis was charged with robbery with a firearm. The deputy affiant in that case did not testify at the probation revocation hearing. It is well established that hearsay evidence, while admissible in probation revocation proceedings, cannot constitute the sole basis for a finding of violation of probation. McFarland v. State, 764 So.2d 834 (Fla. 5th DCA 2000).
The argument of the appellant, which is not factually controverted by the state, is as follows:
Judge Hill stated that the “affidavits and reports contained” in a Lake County court file indicated that Mr. Davis had confessed to committing armed robbery. In Jones v. State, 423 So.2d 513 (Fla. 5th DCA 1982), this Honorable Court found that a defendant’s own statements, admissible as a hearsay exception, could serve as the sole basis for revoking his probation. In that case, however, the State produced the deputy to whom the alleged admission was actually made to testify at Jones’s hearing. See Footnote 1 (“For example, the deputy testified that Jones told him ... ”). The fact that Judge Hill took judicial notice in this case of the charging affidavits from a different case filed in the same criminal court did not render the documents non-hearsay. See, e.g., Stoll v. State, 762 So.2d 870 (Fla.2000) (a handwritten statement by a domestic violence victim was not admissible or an exception to the hearsay rule merely because the statement was “part of the court records”).
The state acknowledges that the affidavit relied upon by the trial court constitutes hearsay. We agree with the appellant that the evidence indicating his involvement in a robbery was entirely hearsay and thus insufficient to support a finding of probation violation.[1]
REVERSED AND REMANDED.
PETERSON and PLEUS, JJ., concur.

. We note that the revocation judgment, although correctly styled, erroneously refers to Davis as "James Leonard Carter" and also refers to a plea of guilty as opposed to a controverted hearing.