890 So.2d 485 (2004)
Jerome HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2180.
District Court of Appeal of Florida, Fifth District.
December 30, 2004.
*486 James B. Gibson, Public Defender, and James R. Wulchak, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Jerome Hill appeals an order revoking his probation. Hill argues that there was insufficient evidence presented to revoke his community control and that the state failed to show by the greater weight of the evidence that the alleged violations were willful and substantial. We disagree and affirm.
An order revoking probation is reviewed for abuse of discretion. Woodson v. State, 864 So.2d 512 (Fla. 5th DCA 2004). The trial court has broad discretion in determining whether there was a willful and substantial violation of a condition of probation and whether the violation is supported by the greater weight of the evidence. State v. Carter, 835 So.2d 259, 262 (Fla.2002). The determination that a violation of probation is willful and substantial will not be overturned on appeal unless the record shows that there is no evidence to support it. Davis v. State, 796 So.2d 1222 (Fla. 4th DCA 2001).
We conclude that there was sufficient evidence to support the revocation of probation. The trial court found that Hill was not at his approved residence seven times. See Davis v. State, 704 So.2d 681, 683 (Fla. 1st DCA 1997) (record supported revocation of probation where appellant was absent from residence on six occasions). Additionally, the trial court found that Hill moved from his approved residence without permission. See Perez v. State, 801 So.2d 1001 (Fla. 4th DCA 2001). Finally, the trial court found that Hill had committed two new substantive offenses of resisting arrest.[1]
While Hill contends that he gave valid reasons for the violations, it is within a trial court's discretion to rule on the disputed facts. See Turner v. State, 711 So.2d 1321 (Fla. 5th DCA 1998) (holding *487 that where the trial court was unconvinced that a medical condition required appellant to violate the terms of order, there was no abuse of discretion in ruling on the disputed facts). In this case, there was a conflict in the testimony between the state's witnesses and Hill's witnesses. Thus, the issue was the credibility of the witnesses and that is solely the province of the trial court. As the reviewing court, we are obligated to defer to the findings of the trial court, which is in the best position to evaluate the credibility of witnesses. Riggins v. State, 830 So.2d 920 (Fla. 4th DCA 2002).
Finding no abuse of discretion, we affirm the revocation of community control.
AFFIRMED.
SHARP, W. and MONACO, JJ., concur.
NOTES
[1] We cannot agree with Hill's contention that the circumstances surrounding the charges would have precluded convictions for resisting arrest and that therefore the trial court should not have found violations of probation for resisting arrest. An acquittal in a criminal case does not preclude a judge from finding a probation violation for the same conduct because the burdens of proof in a criminal case is beyond a reasonable doubt, whereas in a probation violation case, it is by a preponderance of the evidence. Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999).