WEBSTER, J.
 

 By petition for a writ of certiorari pursuant to
 
 Sheley v. Florida Parole Commission,
 
 720 So.2d 216 (Fla.1998), Lindsey Graham, an inmate of the state correctional system, seeks review of a final order entered by the circuit court denying Graham’s petition for a writ of habeas corpus challenging the Florida Parole Commission’s order revoking his conditional release. Because we conclude that the circuit court’s order constituted a departure from the essential requirements of law, we grant the petition, quash the circuit court’s order, and remand for further proceedings applying the correct law.
 
 See Tedder v. Fla. Parole Comm’n,
 
 842 So.2d 1022 (Fla. 1st DCA 2003).
 

 Graham was released to conditional release supervision until November 2013. In November 2008, Graham was arrested for domestic battery and aggravated assault, but the charges were later dropped. A violation of supervision warrant issued charging that Graham failed to obey all laws when he threatened and unlawfully touched the domestic violence victim. The alleged victim did not testify at the revocation hearing. Officer Coleman testified that, at the scene, the alleged victim stated that Graham punched her in the back of the head, causing her to hit her head on the bathroom wall, damaging the tile. Coleman observed the bathroom shower curtain on the floor and a piece of tile separated from the shower wall. According to Coleman, the alleged victim told him she had a knot on the back of her head, but he could not feel or see it because of the alleged victim’s hair. Graham testified that he did not assault the alleged victim. The parole examiner found Graham guilty of the violations and, although the examiner recommended that Graham be restored to supervision, the Parole Commission revoked Graham’s supervision.
 

 Graham filed a petition for writ of habe-as corpus in the circuit court arguing that there was insufficient evidence to demonstrate that he committed the offenses. There were no photographs or physical evidence, and the victim did not testify. The circuit court denied the petition, concluding that the Parole Commission did not abuse its discretion when it revoked Graham’s conditional release. Graham now seeks certiorari review, arguing that a revocation cannot be based solely on hearsay, citing
 
 J.F. v. State,
 
 889 So.2d 130 (Fla. 4th DCA 2004).
 

 Hearsay evidence in the form of a victim’s statement, combined with non-hearsay evidence corroborating the statement, is often sufficient to support a violation of supervision. In
 
 Russell v. State,
 
 982 So.2d 642 (Fla.2008), our supreme court upheld a revocation of probation, concluding that non-hearsay evidence, including testimony of an observation of victim injury, was sufficient to support the victim’s hearsay statement alleging battery. In
 
 Morris v. State,
 
 727 So.2d 975 (Fla. 5th DCA 1999), the court upheld a revocation of probation based on the hearsay testimony of investigating officers as to what had been told to them by a mother and daughter at the scene of a domestic violence incident as well as upon the direct testimony of the officers as to what they observed at the scene-evidence of a struggle, a bruise and bite mark on one victim, the distraught appearance of both mother and daughter, and the belligerent attitude of the defendant at the scene. However,
 
 *318
 
 revocation based solely on hearsay is improper.
 
 Boyd v. State,
 
 1 So.3d 1186 (Fla. 2d DCA 2009). There must be some direct evidence in addition to the hearsay.
 

 The Parole Commission relies on
 
 Russell, Morris, Arndt v. State,
 
 815 So.2d 674
 
 (Fla. 5th
 
 DCA 2002) (upholding probation revocation where the victim told the deputy that she had been assaulted and the deputy observed redness on the side of the victim’s face and ear), and
 
 Young v. State,
 
 742 So.2d 418 (Fla. 5th DCA 1999) (upholding probation revocation where hearsay testimony was supported by the officer’s description of the victim’s wounds and photographs of the victim’s wounds). However, in all of those cases, the police officer observed and was able to testify about physical injuries to the victims, and that testimony provided non-hearsay evidence of the assaults. Here, Officer Coleman did not testify that he observed any physical injuries to the alleged victim. The torn shower curtain and broken tile are not direct evidence of domestic battery or aggravated assault.
 

 When considering a petition for writ of certiorari pursuant to
 
 Sheley,
 
 this court has only two options — it may either deny the petition or grant it, and quash the order to which the petition is directed. It may not enter judgment on the merits, or direct the lower tribunal to enter any particular order.
 
 See Broward County v. G.B.V. Int’l, Ltd.,
 
 787 So.2d 838, 843-14 (Fla.2001);
 
 Tedder,
 
 842 So.2d at 1024. Accordingly, the relief we may grant is limited to quashing the circuit court’s order, which we now do. On remand, we direct the trial court to expedite its reconsideration of Graham’s petition.
 

 WOLF and ROBERTS, JJ., concur.