HAZOURI, J.
Alfred Hendricks appeals his revocation of community control, contending the State submitted only hearsay evidence. We agree, and reverse and remand to the trial court for reinstatement of Hendricks’s community control.
Hendricks pled no contest to a charge of attempted first degree murder. The court sentenced Hendricks to 364 days of jail time, followed by two years of community control, followed by seven years of probation. In 2008, the State filed an affidavit of violation of community control, contending that Hendricks had violated three conditions. Hendricks admitted the violations and the court revoked his community control, sentencing him to one year and one day in prison, followed by one year of community control, followed by seven years of probation. In 2009, the State then filed a second affidavit of violation of community control, alleging several violations that included Hendricks having contact with the victim, Nichola Hamilton. It is this later alleged violation which was the subject of Hendricks’s violation of community control hearing.
At the hearing on Hendricks’s violations of community control, three law enforcement officers testified. Notably, the victim, Nichola Hamilton, did not testify at the hearing. Detective James Jaggers confirmed that on July 3, 2009, he responded to a “violent domestic” call at a *370 Fort Lauderdale apartment. As the first responding officers had already identified the woman at the scene as Nichola Hamilton-Stennatt, Detective Jaggers did not request additional identification. Detective Jaggers also did not verify with the landlord that Ms. Hamilton-Stennatt resided within the apartment.
Ms. Hamilton-Stennatt then gave Detective Jaggers a sworn statement. She indicated that “she was living in the residence with Mr. Hendricks and her son ... and that they had a verbal argument that escalated into a physical argument where Mr. Hendricks attacked her.” Ultimately, the court determined that Hendricks had violated the conditions of his community control by having contact with the victim, and sentenced Hendricks to ten years in prison.
We review an order revoking community control for an abuse of discretion. See Correa v. State, 43 So.3d 738, 743 (Fla. 2d DCA 2010) (citation omitted). “When seeking to revoke a defendant’s community control, the State must prove by the greater weight of the evidence that a willful and substantial violation occurred.” Id. (citing Anthony v. State, 854 So.2d 744, 747 (Fla. 2d DCA 2003)).
The trial court erred in revoking Hendricks’s community control because the State presented only hearsay evidence. “[H]earsay alone is insufficient to sustain a revocation of probation.” Mata v. State, 31 So.3d 257, 259 (Fla. 4th DCA 2010) (citation omitted). However, “[h]earsay evidence is admissible in violation of probation hearings and can sustain a violation when corroborated by direct evidence.” Robertson v. State, 800 So.2d 338, 339 (Fla. 3d DCA 2001) (citing Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999)).
Section 90.801(l)(c), Florida Statutes (2010), defines hearsay as “a statement, other than one made by the declar-ant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” At Hendricks’s violation hearing, Detective Jaggers testified as to what the victim, who identified herself as Nichola Hamilton-Stennatt, told him at the scene. There was no corroborating evidence to support the hearsay: Nichola Hamilton-Stennatt did not testify; Detective Jaggers did not ask the woman he spoke with for identification; and there was no testimony from a landlord or provision of a lease confirming that the apartment was rented by Nichola Hamilton-Stennatt.
Accordingly, we reverse the revocation of Hendricks’s community control and direct the trial court to reinstate Hendricks’s community control.

Reversed and Remanded.

GROSS, C.J. and CIKLIN, J., concur.