COHEN, J.
Thomas Antinarelli appeals the judgment and sentence imposed following a violation of probation hearing. We affirm.
In April 1999, Antinarelli was sentenced as a habitual felony offender to a split sentence of eighteen years in the Department of Corrections followed by twelve years' probation. During his probationary period, he was arrested on charges of sexual battery, false imprisonment, and violating his probation. An officer subsequently filed violation of probation affidavits alleging two violations of condition 5 based on the charges of sexual battery and false imprisonment, and a violation of condition 6 based on association with a person engaged in criminal activity.[1]
*1003 The court held Antinarelli's violation of probation hearing in conjunction with his criminal trial. Although the jury acquitted Antinarelli on the sexual battery and false imprisonment charges, the trial court, utilizing the lower burden of proof, found that the State established the allegations in the violation of probation affidavits by a preponderance of the evidence. See Hill v. State, 890 So.2d 485, 487 n.1 (Fla. 5th DCA 2004) ("An acquittal in a criminal case does not preclude a judge from finding a probation violation for the same conduct because the burdens [sic] of proof in a criminal case is beyond a reasonable doubt, whereas in a probation violation case, it is by a preponderance of the evidence." (citing Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999) ) ).
The court's orders found Antinarelli "in violation of probation conditions (5(X3), 6)." Based on transcripts of the trial and sentencing hearing, the court found that Antinarelli violated his probation by committing two sexual offenses, falsely imprisoning the victim, and associating with a person engaged in criminal behavior. However, the portions of the orders stating "(5(X3)" improperly added an uncharged act, as Antinarelli was charged only with two violations of condition 5. E.g., Manis v. State, 30 So.3d 586, 587 (Fla. 5th DCA 2010) (explaining that a trial court cannot revoke probation based on an act not charged within the violation of probation affidavit (citations omitted) ). We view this only as a scrivener's error based on the record before us. E.g., St. Denis v. State, 128 So.3d 950 (Fla. 5th DCA 2013) (affirming order but remanding for correction of scrivener's error where transcript of hearing clearly illustrated trial court's intent). Thus, we affirm the orders of violation of probation but remand for correction of the orders consistent with this opinion.
AFFIRMED and REMANDED for correction of scrivener's errors.
EVANDER, C.J. and EISNAUGLE, J., concur.

The victim in this case was a prostitute.