# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-424
Lower Tribunal No. F06-18578
_____

**Angelo Bresile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before EMAS, SCALES, and HENDON, JJ.

HENDON, J.

Angelo Bresile ("Bresile") appeals from a final order of revocation of probation and an order imposing sentence. We affirm.

The Department of Corrections filed an amended violation of probation affidavit, asserting that Bresile violated his probation by failing to live without violating any law by committing the offense of sexual battery on a minor. After the affidavit was filed, Bresile's alleged victim, L.K., recanted her accusations against him.

During the violation of probation hearing, L.K. testified that she made up the "story" about Bresile because she was mad at him. Without objection, the State introduced three recorded statements—the 911 call placed by L.K.'s mother; the detective's interview of L.K.; and the detective's interview of L.K.'s mother. In the 911 call, L.K.'s mother stated she was having difficulty understanding her eight year old daughter because she was crying, but her daughter told her that Bresile either put his penis to her mouth or in her mouth. The mother confirmed that the person the 911 operator could hear crying was L.K. In the recorded statement to the detective, L.K. stated that Bresile put his "private part" in her mouth. Finally, in the recorded statement of the detective's interview of L.K.'s mother, the mother stated that L.K. told her that Bresile put his penis in her (L.K.) mouth. Further, without objection, L.K.'s mother and the nurse practitioner with the Child Protection

2

Team who examined L.K. also testified as to statements L.K. made indicating that Bresile put his penis in her mouth.

At the hearing, the DNA analyst at the Miami-Dade Crime Laboratory testified as to Bresile's penile swab. Bresile's penile swab was presumptive positive for saliva, with a mixture of DNA profiles consisting of three contributors. She was able to obtain a partial male major contributor from the mixture, and because the swab was of an intimate body part, she could presume that the male profile originated from Bresile. In addition, there were two minor contributors, although she could not identify their gender or DNA profile.

Following closing argument, the trial court stated it did not believe L.K. lied to the police detective because her statement was detailed, and the trial court listened to the 911 call and could hear L.K. sobbing. Moreover, the trial court stated that it believes L.K. testified in court as she did because her mother probably told her to testify that way. The trial court ruled that the State established by a preponderance of the evidence that Bresile violated his probation. The trial court entered a final order of revocation of probation, and thereafter, entered an order sentencing Bresile. Bresile's appeal followed.

3

Bresile argues that the trial court erred by admitting L.K.'s hearsay statements. We disagree.

"Hearsay evidence is admissible in violation of probation hearings and can sustain a violation when corroborated by direct evidence." Clarington v. State, 314 So. 3d 495, 503 (Fla. 3d DCA 2020) (quoting Robertson v. State, 800 So. 2d 338, 339 (Fla. 3d DCA 2001)); see also McDoughall v. State, 133 So. 3d 1097, 1099 (Fla. 4th DCA 2014) ("Hearsay is admissible at a revocation of probation hearing. However, [t]he law is clear that a person's probation cannot be revoked solely on the basis of hearsay evidence. The hearsay must be corroborated by non-hearsay.") (internal citations omitted).

In this appeal, Bresile also argues that the trial court's finding that the State established by a preponderance of the evidence that he willfully and substantially violated his probation is not supported by competent, substantial evidence. We disagree.

L.K.'s hearsay statements presented to the court during the violation of probation hearing, coupled with the corroborating non-hearsay testimony provided by the analyst regarding the presumptive positive findings of saliva on Bresile's penile swab, are sufficient to sustain the trial court's finding that the State established by a preponderance of the evidence that Bresile

violated his probation. Accordingly, we affirm the order of revocation of probation and the sentencing order entered by the trial court.

Affirmed.