DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

LaMEL NATHANIEL JOHNSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1482

_____

May 1, 2024

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Pinellas County; Susan St. John, Judge.

LaMel Nathaniel Johnson, pro se.

PER CURIAM.

LaMel Nathaniel Johnson appeals the dismissal of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief.  The postconviction court dismissed the motion as untimely.  Although this was error, we affirm because the postconviction court's order also made clear that it found no merit to Mr. Johnson's substantive arguments and attached portions of the record refuting his claim of ineffective assistance of counsel.

A jury found Mr. Johnson not guilty of murder in the second degree in case number 17-CF-1306.  However, after receiving testimony during

a three-day trial and violation of probation hearing, the trial court found that Mr. Johnson violated his probation in case number 16-CF-3930 by committing a homicide. Upon appeal, we per curiam affirmed the convictions and sentences. The mandate issued on October 22, 2019. *Johnson v. State*, 280 So. 3d 30 (Fla. 2d DCA 2019) (table decision).

Mr. Johnson had two years from the issuance of the mandate to file a rule 3.850 motion for postconviction relief. *See* Fla. R. Crim. P. 3.850(b); *Beaty v. State*, 701 So. 2d 856, 857 (Fla. 1997) (holding that the two-year period for filing a motion for postconviction relief begins to run upon issuance of the direct-appeal mandate). Mr. Johnson filed two motions for extension of time to file a rule 3.850 motion, and the court granted them. Therefore, the deadline to file a rule 3.850 motion was June 8, 2022. On June 6, 2022, Mr. Johnson filed his motion for postconviction relief pursuant to rule 3.850.[1] He also filed an amended motion on June 29, 2022, which appears identical to the first motion. The postconviction court dismissed the motions as untimely, despite the first motion being timely filed.

In his motions, Mr. Johnson alleged that counsel was ineffective for failing to "offer a proof challenge" or a timely objection to the sufficiency of the evidence adduced at the violation of probation hearing and for not objecting to the court considering evidence that had been presented at his trial. He also alleged that the trial court failed to inform him that it would be considering trial testimony as evidence in the revocation hearing.

---

[1] A pro se postconviction motion from an incarcerated movant is deemed to be filed when the inmate places it in the hands of prison officials for mailing. *See Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992).

First, the attachments to the postconviction court's order reflect that the evidence presented at trial and a prior stand-your-ground immunity hearing was sufficient to sustain the trial court's determination that Mr. Johnson violated his probation. *See Gonzales v. State*, 780 So. 2d 266, 267 (Fla. 4th DCA 2001) ("The fact that appellant was acquitted of aggravated battery by a jury does not mean that his probation could not be revoked based on the same facts.").

Next, the attachments to the postconviction court's order reflect that counsel was aware that the trial and violation of probation hearing would be held simultaneously and consented to this procedure. "In the absence of stipulation or consent, the trial of the criminal case should not be construed as a probation revocation hearing but can be treated as such upon stipulation or consent made before or after the trial." *State v. Spratling*, 336 So. 2d 361, 364 (Fla. 1976).

Finally, with regard to Mr. Johnson's claim that the trial court considered inappropriate evidence at the VOP hearing, the postconviction court properly pointed out in its order that claims of trial court error are not cognizable in a rule 3.850 motion. *See Arteaga v. State*, 246 So. 3d 533, 536 (Fla. 2d DCA 2018).

Affirmed.

SLEET, C.J., and KELLY and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

3