# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2001
Lower Tribunal No. F20-11402
_____

**Keion Ware,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lody Jean, Judge.

Carlos J. Martinez, Public Defender and Shannon Hemmendinger, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Liz Feliz, Assistant Attorney General, for appellee.

Before SCALES, C.J., and LOGUE, and MILLER, JJ.

PER CURIAM

Affirmed. <u>See</u> <u>Facen v. State</u>, 386 So. 3d 991, 993 (Fla. 3d DCA 2023) (an appellate court reviews the trial court's decision to revoke probation for an abuse of discretion); <u>Robertson v. State</u>, 800 So. 2d 338, 339 (Fla. 3d DCA 2001) ("Hearsay evidence is admissible in violation of probation hearings and can sustain a violation when corroborated by direct evidence."); <u>Garcia v. State</u>, 373 So. 3d 1213, 1235 (Fla. 3d DCA 2023) ("Certainly, a defendant's false exculpatory statements made to the police to avoid prosecution for a crime constitute 'substantive evidence tending to affirmatively show a consciousness of guilt on [the defendant's] part for committing *that* crime.'") (quoting <u>Simpson v. State</u>, 562 So. 2d 742, 745 (Fla. 1st DCA 1990)); <u>Johnson v. State</u>, 378 So. 2d 108, 109 (Fla. 5th DCA 1980) (rejecting the contention that "an admission against interest is hearsay which, standing alone, cannot suffice as proof of violation of a condition of probation" because "a defendant's admission, as opposed to statements by third parties, is [n]ot hearsay").