629 So.2d 274 (1993)
Angel COLINA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 93-00130.
District Court of Appeal of Florida, Second District.
December 17, 1993.
James Marion Moorman, Public Defender, and Julius Aulisio, Asst. Public Defender, Bartow, for appellant.
*275 Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Angel Colina, Jr., challenges the trial court's revocation of his probation after finding him guilty of violating probation and the subsequent order of judgment and sentence of twenty years imprisonment for attempted sexual battery.
While appellant was on probation, his probation officer filed an affidavit of violation of probation alleging that appellant had committed the offense of battery. Appellant argues there was not sufficient evidence to find him guilty of committing a battery and to revoke his probation. There were no eyewitnesses, except the victim, to the battery. The alleged victim did not testify at the probation revocation hearing. While other witnesses testified to the fact that the victim showed evidence of injury, no one could testify as to the origin of the injuries. A letter from the alleged victim admitted into evidence at the hearing was hearsay as was testimony of a police officer and appellant's probation officer.
Although hearsay evidence is admissible in a probation revocation hearing, proving a violation of probation solely by hearsay evidence is improper. McNealy v. State, 479 So.2d 138 (Fla. 2d DCA 1985); Lira v. State, 579 So.2d 781 (Fla. 3d DCA 1991). Because the evidence relied upon to prove appellant committed a battery while on probation was hearsay, the trial court's finding that appellant violated his probation is improper. We reverse the revocation of probation and the order of judgment and sentence entered thereafter and remand to the trial court for appropriate further proceedings.
Reversed.
HALL and PARKER, JJ., concur.