838 So.2d 670 (2003)
Richard W. COLWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2297.
District Court of Appeal of Florida, Second District.
March 5, 2003.
*671 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
We review a conviction and sentence following revocation of Richard W. Colwell's probation. Mr. Colwell asserts that there was insufficient evidence for the trial court to find that he violated condition five of his probation by committing a new offense of domestic battery. We reverse.
The State presented only one witness at the revocation hearing to substantiate the domestic battery, the deputy who responded to a 911 call at a convenience store. At the convenience store, the deputy encountered Mr. Colwell's wife, who had placed the call from the public phone there. The deputy testified that Mrs. Colwell told her that Mr. Colwell had grabbed her and that she was afraid to go back to the house. The deputy described Mrs. Colwell's condition as intoxicated, hysterical, very frantic and excited, although she was not crying. The deputy observed a faint red mark on Mrs. Colwell's neck, which Mrs. Colwell said had resulted from Mr. Colwell grabbing her there. According to the deputy, Mrs. Colwell did not say when the incident happened, only that it had just occurred. Neither Mr. nor Mrs. Colwell testified at the hearing.
Mr. Colwell contends that his revocation was based on inadmissible hearsay and other insufficient evidence and it was, therefore, error to revoke his probation. We agree with his contention.
The transcript from the revocation hearing shows that the trial court properly recognized the distinction between hearsay that is admissible at a criminal trial based on an exception to the hearsay rule[1] and inadmissible hearsay. The general rule is that hearsay evidence that would be inadmissible in a criminal trial cannot form the sole basis for revoking probation. Gammon v. State, 778 So.2d 390, 392 (Fla. 2d DCA 2001). The deputy's testimony about Mrs. Colwell's statements was clearly hearsay, but the trial court declined to rule whether, as argued by the State, it was admissible as an exception to the hearsay rule as an excited utterance.[2] Instead the trial court found that there was additional evidence to prove the domestic batterythe red mark on Mrs. Colwell's neck that was consistent with her statements to the deputy and her hysterical demeanor. As a matter of law, this additional evidence was insufficient to sustain the revocation.
In Bales v. State, 793 So.2d 87 (Fla. 2d DCA 2001), we addressed a similar set of facts. At the defendant's revocation hearing, a police officer testified that the defendant's girlfriend said the defendant had punched her in the face and pushed her. The officer had also observed some redness *672 on her elbow. Based on this evidence, the trial court concluded that the defendant had battered his girlfriend. In reversing, we held the officer's description of the girlfriend's statement was insufficient as pure hearsay to prove the battery. We did not address whether the girlfriend's statement coupled with the officer's observation of redness on her elbow was sufficient because the trial court's determination was premised only on the girlfriend's statement as reported by the officer.
However, this issue was presented in Blair v. State, 805 So.2d 873 (Fla. 2d DCA 2001), in which we reversed a revocation of probation due to insufficient evidence. In Blair, the prosecution presented only limited evidence to prove the defendant had violated his probation by committing a domestic battery on his wife. The deputy who responded to the crime scene testified to statements the victim made. The victim told the deputy that the defendant grabbed her arm and wrist and dragged her through the house. The deputy also testified to observing the disarrayed condition of the house. Recognizing that although hearsay evidence is admissible in a probation revocation hearing, it cannot be the sole evidentiary basis for revocation, we concluded the evidence was legally insufficient:
The record reveals the only evidence linking Blair to the commission of a battery was the hearsay testimony of the deputy concerning what the victim said had occurred. While the victim's physical state and appearance of the residence suggested to the deputy that a struggle had occurred, the deputy's observations could not connect Blair to the alleged battery.
Id. at 876-77.
Similarly, in Mr. Colwell's case, while the faint red mark on Mrs. Colwell's neck and her behavior may have suggested that improper contact occurred, the deputy's observations alone did not provide a sufficient evidentiary link to the perpetrator of the alleged domestic battery. That the red mark on her neck may have resulted from Mr. Colwell grabbing her suffers from the same hearsay deficiency as the remainder of the deputy's testimony. Furthermore, Mrs. Colwell's hysterical demeanor may have been due to her intoxicated state; her hysteria does not otherwise prove the domestic battery.
Because the State presented insufficient evidence to support a finding that Mr. Colwell violated condition five by committing domestic battery on his wife, we hold the trial court erred in revoking his probation. Accordingly, we reverse and vacate the revocation order, the judgment, and the sentence, and remand for the trial court to restore Mr. Colwell to probation.
Reversed and remanded with instructions.
FULMER and KELLY, JJ., Concur.
NOTES
[1] § 90.803, Fla. Stat. (2001)
[2] Had the trial court ruled that the hearsay fell within the excited utterance exception, we doubt whether we could have sustained that decision based on Bales v. State, 793 So.2d 87 (Fla. 2d DCA 2001), and section 90.803(2). Even assuming the battery had "just occurred," as the deputy reported Mrs. Colwell said, there was too little evidence that Mrs. Colwell was still under the effect of the startling occurrence, as she had time to leave her home, go to the convenience store, call the police, and wait for the deputy's arrival.