974 So.2d 614 (2008)
Kevin KOSITSKY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-251.
District Court of Appeal of Florida, Fourth District.
February 27, 2008.
*615 Carey Haughwout, Public Defender, and Barbara J. Wolfe, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was charged with DUI and, because of statements he made after he was arrested, he was also charged with corruption of a public official by threat. He appeals his corruption conviction, arguing that the trial court should have granted his motion for judgment of acquittal, because, although there was a threat, the element of intent to influence performance of an act by a public servant was not established. We agree and reverse.
Corruption by threat against a public servant is defined in section 838.021, Florida Statutes (2006), as follows:
Corruption by threat against public servant
(1) Whoever unlawfully harms or threatens unlawful harm to any public servant, to his or her immediate family, or to any other person with whose welfare the public servant is interested, with the intent or purpose:
(a) To influence the performance of any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty.
Before we set out the facts, which include threats about slitting the officer's throat and kicking the officer's ass, it is significant to note that the information charged a violation of the statute only by "threaten to slit his throat."
The officer who arrested appellant testified that he stopped appellant after watching him make a U-turn, run a red light, and speed. Appellant smelled of alcohol and admitted he was drunk. After appellant failed the roadside sobriety test, the officer arrested him for DUI. The corruption charge is based on statements made by appellant after appellant had been handcuffed, while he was being "loud and obnoxious." Two officers, Randazzo and Cook, heard the threats. According to Officer Randazzo, appellant told him to remove his handcuffs, "or he'd kick his ass." At another point appellant said he "would slit his throat." Officer Upchurch testified that he heard appellant threaten to kick Randazzo's ass "if we took him out of the cuffs." He heard appellant repeatedly say, "You don't know who I am. Take these cuffs off me. I'll kick your *616 ass." At another point, appellant told Randazzo, in the presence of Officer Upchurch, CSA Gray and Deputy Whaley, that "he would slit his throat if the cuffs were removed." Officer Randazzo was not afraid when appellant said this because appellant was in handcuffs at the time. He took it with a "grain of [salt]."
We agree with appellant that, because the information referred only to the threat to slit the officer's throat, we should not consider the threat to kick the officer's ass in determining if the state proved the corruption charge.
Considering that it was undisputed that the appellant was in handcuffs, we agree with appellant that the trial court should have granted his motion for judgment of acquittal. The threat to slit the officer's throat "if the cuffs were removed" could not have had the intent of influencing the performance of an act. If anything, it would have the opposite effect. The result would be different if appellant had threatened to slit the officer's throat if the handcuffs were not removed. Reversed.
GROSS, J., concurs.
FARMER, J., dissents with opinion.
FARMER, J., dissenting.
The majority holds that there is no evidence that the threats were made to influence the performance of an act by the police officers. Yet in the second paragraph they acknowledge that he prefaced his threats with words to the effect "if [the officers] do not remove the handcuffs." So it is manifest that his announced purpose was to get the police to take the handcuffs off of him. That sounds to me very much like a threat to "influence the performance of an act," namely whether to keep him cuffed. I therefore cannot say that there is no evidence of using a threat to influence official conduct.
To be sure, this prosecution strikes me as ill-advised and excessive. Many drunk people become "loud and obnoxious"especially after being arrested. Alcohol erases inhibitions and emboldens the timid. I don't wonder that more people aren't similarly charged and convicted.
Yet I am compelled to affirm.