982 So.2d 642 (2008)
Anthony K. RUSSELL, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-335.
Supreme Court of Florida.
May 1, 2008.
*643 James S. Purdy, Public Defender, and David S. Morgan, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, and Pamela J. Koller and Kellie A. Nielan, Assistant Attorneys General, Daytona Beach, Florida, for Respondent.
QUINCE, J.
Petitioner Anthony Russell seeks review of the decision of the Fifth District Court of Appeal in Russell v. State, 920 So.2d 683 (Fla. 5th DCA 2006), on the ground that it expressly and directly conflicts with a decision of the Fourth District Court of Appeal in Santiago v. State, 889 So.2d 200 (Fla. 4th DCA 2004), and the Second District Court of Appeal in Colwell v. State, 838 So.2d 670 (Fla. 2d DCA 2003), and Colina v. State, 629 So.2d 274 (Fla. 2d DCA 1993), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons that follow, we approve the decision of the Fifth District Court of Appeal in Russell, disapprove the decision of the Fourth District Court of Appeal in Santiago, and disapprove the decisions of the Second District Court of Appeal in Colwell and Colina to the extent that they are inconsistent with this opinion. We hold that the decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), is not applicable to probation revocation proceedings and that the trial court properly revoked Russell's probation.

FACTS AND PROCEDURAL BACKGROUND
Anthony Kalick Russell pled guilty in 2002 to one count of carrying a concealed firearm. In January 2003, the trial court withheld adjudication and placed him on two years' probation. In November 2003, Russell pled guilty to a charge of sexual battery upon a child under the age of *644 sixteen. The court sentenced him as a youthful offender to 365 days in the county jail followed by five years of sex offender probation, with the composite sentence to run concurrently with his existing probation. On October 1, 2004, a notice of violation of probation was filed alleging that Russell failed to report and submit written monthly reports, failed to perform his fifty hours of public service, and failed to make payments towards his court costs and fines.
On October 14, 2004, Marion County Sheriff's Deputy Raymond Torrellas was dispatched to a gas station in response to a battery call, where he met Russell's girlfriend, Nicole D'Alessandro. She told the deputy what had just transpired and wrote out a statement. Russell was arrested later that evening and charged with aggravated battery on a pregnant person. On October 20, 2004, an addendum to the October 1 notice of violation was filed to include the alleged battery as a violation of probation. Russell denied the battery allegation and demanded a hearing.

Russell's Probation Revocation Hearing
At the July 15, 2005, probation violation hearing, the victim did not testify and Deputy Torrellas related the above version of the incident. The detective testified that the victim seemed nervous and scared when he arrived some ten minutes after the call. He observed a red mark on the back of the victim's neck that was consistent with her story. Although Polaroid pictures of the bruise had been taken, they were not presented at the hearing. Over objections on the ground of hearsay within hearsay, the State introduced a copy of the victim's handwritten statement, which stated the following:
Anthony Russell (my boyfriend) and me Nicole D'Alessandro were going to vacuum my car before I take him to his sex offenders class. We were fighting [at the BP] about me not dropping him off. He wanted to go by himself and I said no because I had things to do. So we kept fighting and as I told him no as I turned around and he hit me in the back of the neck and I went to grab my key out of the car & he pulled me back & pulled my hair. So I got away & ran to the BP & he pulled off w/ my car.
Trial counsel further objected that use of the statement would violate Russell's Sixth Amendment right to confrontation. The trial judge responded that it could be "quadruple hearsay" and still be admissible in a probation violation hearing, but it could not be the sole basis to find a violation.
The detective further testified that he arrested Russell that evening and read him his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He stated that Russell did not initially want to make any statement but, nonetheless, began a conversation en route to the jail. The detective testified that Russell admitted knowing that the victim was pregnant, but said that he did not believe that he was the baby's father. Russell also told the detective that he does not hit the victim, "he just roughs her up." On cross-examination, the detective admitted that his police report did not mention the reading of Miranda rights or Russell's knowledge of the victim's pregnancy. The detective said that he remembered this particular arrest because Russell cried on the way to the station.
Russell testified at the hearing regarding the missing probation reports and his failure to make scheduled payments toward his court costs, but he invoked his Fifth Amendment right regarding the battery allegation. In closing, trial counsel argued that the reporting and financial violations were neither willful nor substantial. *645 As to the battery violation, trial counsel raised Crawford v. Washington as an objection to the admission of the victim's written statement. Counsel also argued that the State failed to present a prima facie case of battery on a pregnant woman, contending that the victim was admittedly not visibly pregnant and that Russell's acknowledgement of the pregnancy should be suppressed because it was questionable whether he had even been read his Miranda rights.
The court found Russell guilty of the battery violation by the greater weight of the evidence and found him not guilty of all other allegations of violation. The court emphasized that "absolutely no weight" was given to the victim's written statement. The court stated that it relied upon both hearsay and non-hearsay and found the officer's testimony to be credible. The court adjudicated Russell guilty of the 2003 sexual battery charge and sentenced him to fifteen years on that charge and five years on the 2001 weapons charge. On July 20, 2005, Russell was acquitted of the battery charge in a jury trial. The court rendered its final order of violation of probation on July 26, 2005. Soon thereafter, the court denied Russell's motion to mitigate the sentence based on the acquittal.
Russell appealed to the Fifth District, which affirmed the revocation. Russell v. State, 920 So.2d 683 (Fla. 5th DCA 2006). The Fifth District acknowledged contrary authority in Santiago, Colwell, and Blair v. State, 805 So.2d 873 (Fla. 2d DCA 2001), but it held that its decision was controlled by its prior ruling in Arndt v. State, 815 So.2d 674 (Fla. 5th DCA 2002), where it found the hearsay statement of the victim coupled with the officer's observation of injury sufficient to prove a probation violation. This Court granted review based on the express and direct conflict.

ANALYSIS
The case presents the Court with two issues: (1) whether admission of hearsay from the alleged victim denied the defendant his Sixth Amendment right to confrontation; and (2) whether the trial court erred in sustaining the revocation of probation based only upon the hearsay statements of the victim and observation of an injury to the victim.

Crawford Issue
The first issue in the case is whether the admission of hearsay testimony from the victim denied Russell his Sixth Amendment right to confrontation. Russell contends that the victim's statements are testimonial hearsay under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and further contends that Crawford applies to probation revocation proceedings because such proceedings are criminal prosecutions. Russell argues that, as a result, he was denied his constitutional right to confront and cross-examine the only witness to the alleged battery, the victim, because she did not appear at the revocation hearing.
Although jurisdiction in this case is based upon express and direct conflict regarding the legal sufficiency of the non-hearsay evidence needed to revoke probation, having granted jurisdiction, this Court may examine all issues raised and argued before the lower court. See Savoie v. State, 422 So.2d 308, 310 (Fla.1982).
In Crawford, the United States Supreme Court held an out-of-court testimonial statement of an unavailable declarant is not admissible at a criminal trial unless the defendant had a prior opportunity to cross-examine the declarant. If these requirements are not satisfied, the Confrontation Clause requires exclusion of the evidence. The Crawford decision applies *646 specifically to the use of testimonial statements during a criminal prosecution. However, we recently addressed the issue of whether Crawford applies to probation revocation proceedings in Peters v. State, No. SC06-341, ___ So.2d ___, 2008 WL 1901668 (Fla. May 1, 2008), as a certified question of great public importance.[1] In Peters, we held that revocation of probation or community control proceedings are not criminal prosecutions and therefore Crawford does not apply to revocation proceedings. Accordingly, because Crawford addresses the use of testimonial hearsay only in the context of criminal prosecutions, the decision does not apply to Florida revocation proceedings.

Violation of Probation Proceeding
The second issue is whether a trial court may find that a violation of probation for an alleged battery has been proven by a preponderance of the evidence through a hearsay statement of the victim, which would be inadmissible at trial, and non-hearsay testimony of direct observation of victim injury and attendant circumstances. It is undisputed that hearsay evidence is admissible in a probation revocation hearing to prove a violation of probation. However, the hearsay evidence may not form the sole basis for revocation. See Cuciak v. State, 410 So.2d 916, 918 (Fla.1982). The hearsay evidence must be supported by non-hearsay evidence. See Garcia v. State, 701 So.2d 607, 609 (Fla. 2d DCA 1997). Furthermore, the State need only establish by greater weight of the evidence that the violation of probation occurred. State v. Carter, 835 So.2d 259, 261 (Fla.2002).
In determining whether probation should be revoked, the trial court enjoys broad discretion. See Bernhardt v. State, 288 So.2d 490 (Fla.1974). As the Court emphasized in Carter, the determination of whether probation should be revoked is fact specific in that "[t]rial courts must consider each violation on a case-by-case basis for a determination of whether, under the facts and circumstances, a particular violation is willful and substantial and is supported by the greater weight of the evidence." Carter, 835 So.2d at 261. Accordingly, the statements of the victim and the probationer, the type of injury, the demeanors of the victim and the probationer, and the credibility of the witnesses all factor into the trial court's weighing of the evidence. The appellate court then reviews the trial court's revocation under an abuse of discretion standard. Bernhardt, 288 So.2d at 501. For the reasons that follow, we hold that the trial court did not abuse its discretion in concluding that the evidence was legally sufficient to sustain a violation of probation.
In the instant case, the Fifth District held that testimony at a probation revocation hearing describing an observation of injury was sufficient to corroborate a battery victim's testimonial hearsay statement and that probation was properly revoked. In doing so, the Fifth District followed its decisions in Arndt v. State, 815 So.2d 674 (Fla. 5th DCA 2002), Young v. State, 742 So.2d 418 (Fla. 5th DCA 1999), and Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999). The Fifth District in all three cases held that the investigating officer's hearsay testimony coupled with his testimony *647 concerning his direct observation of the victim's injury was sufficient evidence to support revocation. The Fifth District also acknowledged contrary authority in Santiago, Colwell, and Blair, each of which generally held that an observation of injury is legally insufficient to permit revocation based upon hearsay testimony of battery.
Santiago, Colwell, and Colina, which are the cases cited for conflict by Russell, involved factual and evidentiary patterns that are virtually indistinguishable from the cases the Fifth District relied upon in its holding in the instant case. In Colina, the victim's written statement was admitted into evidence and other witnesses testified as to their observations of injury. However, no one could testify as to the origin of the injuries on the victim. Colina, 629 So.2d at 275. The Second District reversed the probation revocation on the basis that "the evidence relied upon to prove appellant committed a battery while on probation was hearsay," thus disregarding the non-hearsay testimony of victim injury. Id. In Colwell, the officer recounted the victim's allegations and testified as to his own observation that the victim was injured, intoxicated, and hysterical. Even though the trial court found that the officer's observations were consistent with the hearsay statement, the Second District held that "[a]s a matter of law, this additional evidence was insufficient to sustain the revocation." Colwell, 838 So.2d at 671. In Santiago, an officer recounted the hearsay allegations of the victim and that of a corroborating witness and also testified as to his observations of the victim's injury and emotional state. In addition, the State introduced both a taped statement from the victim and photographs of the injuries. The Fourth District held that "although the victim's injuries suggested to the deputy that a battery may have occurred, the deputy's observations could not connect Santiago to the alleged battery." Santiago, 889 So.2d at 203.
Thus, the Second District and Fourth District in these cases reversed the trial court's revocation based on the failure to establish a direct nexus between the probationer and the alleged battery. Santiago, 889 So.2d at 203 ("[T]he deputy's observations could not connect Santiago to the alleged battery."); Colwell, 838 So.2d at 672 ("[T]he deputy's observations alone did not provide a sufficient evidentiary link to the perpetrator of the alleged domestic battery."); Colina, 629 So.2d at 275 ("[N]o one could testify as to the origin of the injuries."). These decisions thus demonstrate that the Second and Fourth Districts require that the non-hearsay evidence independently establish that the probationer committed the battery. We disagree with such a requirement. Corroboration of every aspect should not be required in order to establish that the probationer committed a battery for the purpose of revoking probation. On the other hand, the trial court must examine the facts and circumstances of each individual case to determine whether a particular violation is willful and is supported by greater weight of the evidence. Thus, whether non-hearsay evidence, including direct testimony of an observation of victim injury, is sufficient to support a hearsay allegation of battery is dependent upon the unique facts and circumstances of each case. Consequently, the trial court must assess the credibility of the particular witnesses, the reliability of the available evidence, and the totality of the evidence under the circumstances in each individual case.
Based on the following facts and circumstances of this case, the trial court properly concluded that Russell committed a battery and thus committed a willful *648 violation of his probation terms. The deputy testified regarding the substance of the victim's oral statement and stated that he also recognized the written statement of the victim, which was admitted at the hearing. The substance of the hearsay statements alleged that Russell struck the victim on the neck and grabbed her by the hair before leaving with her vehicle. Russell first objected to the written statement as hearsay within hearsay, then objected based on a violation of his Sixth Amendment right to confront his accuser. The trial court reiterated that hearsay is admissible in a revocation proceeding but could not be the sole evidence used to find a violation. Additional testimony from the deputy established that he observed a red mark on the victim's neck that appeared to have been made by a fist. He also testified that the victim seemed nervous and scared. Even though Russell initially did not want to make any statements, after being read his Miranda rights he began a conversation. The deputy testified that on the way to jail, Russell advised him that he knew the victim was pregnant, but he was not sure if it was his baby or not because the victim was messing around on him. The deputy further testified that Russell stated that he does not hit the victim but just "roughs her up." Cross-examination revealed that the deputy's report did not affirmatively state that Russell had been read his Miranda rights and did not refer to his knowledge of the victim's pregnancy. However, the deputy stated that he remembered this particular case because Russell began to cry in the squad car. Although Russell did not testify regarding the battery charge, the trial court had an opportunity to weigh his credibility when he testified regarding the willfulness element of the remaining probation violation allegations, which ultimately were not found by the trial court.
Thus, the trial court considered more than just the victim's hearsay statement and direct testimony of observation of victim injury. The trial court heard testimony regarding the demeanor of both the victim and Russell. The court was able to compare both the oral and written hearsay accounts to the type of injury described by the deputy, and the court was able to directly assess the credibility on the stand of both Russell and the deputy. Accordingly, we find that the trial court did not abuse its discretion in concluding that the greater weight of the evidence demonstrated that Russell committed a battery and thus committed a willful and substantial violation of the terms of his probation. As a result, we disapprove the decisions of the Second District and Fourth District in Santiago, Colwell, and Colina, to the extent that they conflict with this decision.

CONCLUSION
For the foregoing reasons, we approve the decision of the Fifth District Court of Appeal and disapprove the decisions of the Second District and Fourth District in Santiago, Colwell, and Colina to the extent that they conflict with this decision. We hold that the trial court properly concluded that the greater weight of the evidence demonstrated that Russell committed a battery and, thus, a willful and substantial violation of the terms of his probation. We also hold that because Crawford does not apply to revocation proceedings, the admission of hearsay testimony from the victim was proper.
It is so ordered.
LEWIS, C.J., and WELLS, CANTERO, and BELL, JJ., concur.
PARIENTE, J., concurs in result only.
ANSTEAD, J., dissents with an opinion.
*649 ANSTEAD, J., dissenting.
For the reasons expressed in my dissenting opinion in Peters v. State, No. SC06-341, ___ So.2d ___, 2008 WL 1901668 (Fla. May 1, 2008), I cannot agree with the majority's conclusion that Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), does not apply to probation revocation proceedings. The trial court revoked Anthony Russell's probation and sentenced him in the same proceeding. Moreover, this Court has held that probation revocation proceedings, like those in this case, are deferred sentencing proceedings. We have also held that Crawford applies to sentencing proceedings. Therefore, I cannot agree with the majority's holding that Crawford is not applicable to probation revocation proceedings.
NOTES
[1] In Peters v. State, Peters argued that he had a Sixth Amendment right in his probation revocation hearing to cross-examine the laboratory technician who performed the positive urinalysis report. The certified question asked whether "the `testimonial hearsay' rule set forth in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) [applied] in community control and/or probation revocation proceedings?" Peters v. State, 919 So.2d 624, 628 (Fla. 1st DCA 2006).