988 So.2d 1279 (2008)
Martha J. KALMBACH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2525.
District Court of Appeal of Florida, Fifth District.
August 29, 2008.
James S. Purdy, Public Defender, and Henry T. Swann, III, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
Martha J. Kalmbach challenges the revocation of her probation for committing an aggravated domestic assault on her husband with a kitchen knife. We affirm.
Kalmbach contends the trial court erred in allowing the State to perpetuate the testimony of Terre Rose, Kalmbach's mother, with her deposition. Kalmbach asserts Rose was the only person who testified from personal knowledge that she committed the aggravated domestic assault, and absent this deposition, Kalmbach's probation was revoked solely on hearsay evidence. The State points out that Rose testified at the revocation hearing that Kalmbach grabbed a knife and chased her husband. Kalmbach counters that Rose's testimony was "equivocal, tenuous, and legally insufficient."
This court need not determine whether the trial court erred in admitting the deposition testimony of Rose because it is clear that the evidence supports the trial court's finding that Kalmbach committed an aggravated domestic assault. On direct examination, Rose somewhat equivocally testified that she was in the kitchen when she saw Kalmbach leave with a knife and stumble out into the yard with her husband. On cross-examination, she unequivocally agreed that she saw Kalmbach grab a knife and chase her husband.
Kalmbach argues that Rose's testimony was legally insufficient because Rose never testified that she saw Kalmbach swing the knife at her husband or verbally *1280 threaten him. This argument is unpersuasive because the non-hearsay evidence does not have to independently establish the probation violation; it need only support the hearsay evidence. See Russell v. State, 982 So.2d 642, 646 (Fla.2008). In this case, the hearsay evidence, most notably Kalmbach's husband's recorded statement, indicated that Kalmbach cornered her husband in the living room while wielding a kitchen knife. Rose's testimony supported the hearsay evidence and, therefore, the trial court did not abuse its discretion in finding Kalmbach violated her probation.
AFFIRMED.
PLEUS and EVANDER, JJ., concur.