STRINGER, Judge.
 

 Maurio Boyd seeks review of a judgment and sentence entered following the revocation of his probation based on a new law violation of battery on a pregnant woman. Boyd’s probation was revoked after a revocation hearing, and he was sentenced to 16.2 months on the original offense of felonious possession of a firearm. Because the revocation is based on hearsay alone, we reverse.
 

 Boyd was sentenced to twenty-four months’ probation after pleading guilty to felonious possession of a firearm on December 11, 2006. On August 31, 2007, an affidavit of violation of probation was filed, alleging Boyd committed the new law violation of battery on a pregnant woman. A revocation hearing took place in which Boyd’s probation officer testified regarding Boyd’s arrest and the injury to the victim, Boyd’s girlfriend. This testimony, based solely on facts contained in the police report, established that officers responded to a call at an apartment in Clearwater and heard a female voice from inside say “Let me go. Let me go.” The officers heard arguing, knocked on the door, and when Boyd opened the door, the officers saw the victim with “some blood protruding from a hand.”
 

 Boyd also testified, stating that he and his girlfriend were arguing in their apartment when the police arrived, that a broken knife was found on the floor, and that he knew his girlfriend was pregnant. However, he had no knowledge whether his girlfriend’s hand was bleeding.
 

 Boyd argues on appeal that the trial court erred in revoking his probation based on hearsay and noncorroborative nonhearsay evidence only. We review a revocation of probation under an abuse of discretion standard.
 
 Russell v. State,
 
 982 So.2d 642, 646 (Fla.2008). It is well settled that hearsay is admissible in revocation of probation proceedings, but it cannot be the sole evidence used to find a violation.
 
 Id.
 
 Rather, the hearsay evidence must be supported by nonhearsay evidence, and the State must establish the violation by the greater weight of the evidence.
 
 Id.
 

 Hearsay evidence in the form of a victim’s statement, combined with non-hearsay evidence corroborating the statement, is often sufficient to support a violation of probation.
 
 See Russell,
 
 982 So.2d at 646;
 
 M.S. v. State,
 
 987 So.2d 774 (Fla. 4th DCA 2008);
 
 Kalmbach v. State,
 
 988 So.2d 1279 (Fla. 5th DCA 2008). In
 
 Russell,
 
 the supreme court found that under the facts of that case, nonhearsay evidence, including testimony of an observation of victim injury, was sufficient to support the victim’s hearsay statement al
 
 *1188
 
 leging battery. 982 So.2d at 648. In that case, “[t]he court was able to compare both the oral and written hearsay accounts to the type of injury described by the deputy, and the court was able to directly assess the credibility on the stand of both Russell and the [responding] deputy.”
 
 Id.
 
 at 648.
 

 In this case, Boyd’s probation officer presented hearsay evidence of the circumstances leading to Boyd’s arrest for battery. However, this hearsay testimony was not supported by testimony from an arresting officer, direct observation of victim injury, or a statement from the victim either through hearsay or direct testimony. The only nonhearsay evidence was presented by Boyd, whose testimony established only that he and his pregnant girlfriend argued and that a broken knife was on the floor of the apartment. This evidence is insufficient to support the hearsay testimony of battery presented by the probation officer.
 
 [1]
 

 We conclude that the trial court abused its discretion by revoking Boyd’s probation based on uncorroborated hearsay evidence, and we reverse the revocation order as well as the judgment and sentence entered pursuant to that order. We note that double jeopardy does not preclude a second revocation hearing based on the filing of a new affidavit alleging the same violation.
 
 Scott v. State,
 
 937 So.2d 746, 748 (Fla. 4th DCA 2006);
 
 Keith-Schrader v. State,
 
 891 So.2d 1217, 1218 (Fla. 2d DCA 2005).
 

 Reversed and remanded.
 

 FULMER and WALLACE, JJ., Concur.
 

 [1]
 

 . We question whether the probation officer’s testimony provided even hearsay evidence that a battery occurred. However, this was not argued on appeal and we decline to address it as fundamental error in light of our reversal.