WARNER, J.
 

 Romaine Nugent appeals the revocation of his community control and his sentence to prison for 50 months, after he was found to have violated his community control by committing the crimes of battery on a person 65 years of age or older and corruption by threat. He claims that the trial court abused its discretion in finding that he committed the battery, because the state failed to carry its burden, where the only evidence of the crime was the hearsay statement of the victim. He also contends that the evidence did not prove the corruption by threat charge. We conclude that the court did not abuse its discretion in finding a violation based upon the battery charge, but the evidence did not support the charge of corruption by threat. Nevertheless, we affirm.
 

 Nugent was charged with armed robbery. He pled to the charge and was sentenced to five years of probation as a youthful offender. Twice Nugent admitted that he violated his probation based upon two affidavits of violation. The first time, his probation was reinstated and he was required to attend boot camp. The second time, probation was reinstated but he was placed on two years of community control followed by three years of probation. While Nugent was on this community control, a third affidavit of violation was filed, alleging that he had committed a battery on a person 65 or older and that he also committed corruption by threat.
 

 A hearing was conducted on the violation. An officer testified that he was dispatched to the home of an elderly man who was bleeding from the mouth, shaky, and delirious when the officer arrived. The victim told him that he had been hit by a man who came to his door trying to enter to give him a “prize.” The victim explained in detail the events to the officer. The officer issued a BOLO for the person described by the victim. When another officer stopped Nugent and brought the
 
 *530
 
 victim to the location of the stop, the victim identified appellant as his attacker.
 

 The police arrested Nugent, who became extremely violent as the officers placed him in handcuffs. He began yelling obscenities to the officers on the scene and calling them names. After they put him in the police vehicle, he began kicking the windows while handcuffed. The officers advised Nugent to calm down. As they were driving, Nugent began yelling racial slurs and swearing at the officers. According to one officer’s testimony, Nugent told him that he was going to “f— me up” and “if [he] didn’t have the handcuffs on him he would kill me.” At the station, as they were escorting Nugent to the holding cell, Nugent admitted to the officer that he was “currently illegal” and stated that the officer better not contact immigration “or else.”
 

 Another officer at the scene of the identification confirmed viewing the victim’s injuries. He also placed the victim under oath and took a taped statement from the victim. The state played the statement for the court. In it, the victim described, in his own words, the incident and told the officer that he had previously seen Nugent at the window the night before. At the time of the hearing, the victim was deceased.
 

 Based upon the testimony, the trial court found Nugent had violated his community control by committing both the battery and corruption by threat. It entered an order of revocation and sentenced him to 50 months in prison as an adult for the original armed robbery. The state then entered a nolle prosequi to the charges of battery on a person over 65 years of age. Nugent filed' a rule 3.800(b)(2) motion to correct sentencing error, arguing that he should have been sentenced as a youthful offender (as he had previously been sentenced). The court granted the motion and sentenced Nugent as a Youthful Offender. Nugent now appeals.
 

 Appellate courts review a trial court’s decision on revocation of probation under an abuse of discretion standard.
 
 Russell v. State,
 
 982 So.2d 642 (Fla.2008). The state must establish the violation by the greater weight of the evidence.
 
 Boyd v. State,
 
 1 So.3d 1186 (Fla. 2d DCA 2009).
 

 Nugent argues that the state failed to carry its burden of proving a substantial and willful violation of his community control by committing a battery on a person over 65, because the state relied solely on the hearsay statement of the victim to the officer to prove the crime of battery on a person 65 or older. Hearsay evidence may not be the sole basis for revocation of probation.
 
 See Cuciak v. State,
 
 410 So.2d 916, 918 (Fla.1982).
 

 Here, however, the state did not rely solely on hearsay but also offered the officer’s observation of the victim’s injuries to prove the case. This is consistent with
 
 Russell v. State,
 
 982 So.2d 642 (Fla.2008), on which the state relies. In
 
 Russell,
 
 revocation of probation proceedings were brought against Russell based upon allegations that he had battered his pregnant girlfriend and also failed to file reports. The girlfriend did not testify but the officer who had responded to her call testified that he had seen red marks on the back of her neck which were consistent with her story. The victim’s handwritten statement was introduced in which she said that she and Russell were fighting and he hit her and pulled her hair. A detective who arrested Russell testified that Russell had' denied hitting the victim but admitted to having “roughed her up.”
 

 Like Nugent does in this case, Russell claimed that there was no evidence other than the hearsay written statements of the
 
 *531
 
 victim to prove that Russell had committed a battery on her. The supreme court explained that the trial court enjoys broad discretion in determining whether to revoke probation. That determination is fact specific, requiring a case-by-case analysis of whether a willful violation has been proven by the greater weight of the evidence. “Accordingly, the statements of the victim and the probationer, the type of injury, the demeanors of the victim and the probationer, and the credibility of the witnesses all factor into the trial court’s weighing of the evidence. The appellate court then reviews the trial court’s revocation under an abuse of discretion standard.”
 
 Russell,
 
 982 So.2d at 646.
 

 Resolving a conflict between the district courts of appeal, the court approved of cases from the Fifth District which affirmed revocation of probation when hearsay testimony of a battery victim was corroborated only by police observation of the victim’s injury. It disapproved of
 
 Santiago v. State,
 
 889 So.2d 200 (Fla. 4th DCA 2004), in which this court reversed a revocation based upon a battery of the victim, the proof of which was supported only by the hearsay statement of the victim and corroborated only by the officer’s observations of marks on the victim. The court did not adopt our court’s requirement that the defendant’s identity as the batterer required some non-hearsay proof. The court said:
 

 Corroboration of every aspect should not be required in order to establish that the probationer committed a battery for the purpose of revoking probation. On the other hand, the trial court must examine the facts and circumstances of each individual case to determine whether a particular violation is willful and is supported by greater weight of the evidence. Thus, whether non-hearsay evidence, including direct testimony of an observation of victim injury, is sufficient to support a hearsay allegation of battery is dependent upon the unique facts and circumstances of each case. Consequently, the trial court must assess the credibility of the particular witnesses, the reliability of the available evidence, and the totality of the evidence under the circumstances in each individual case.
 

 Russell,
 
 982 So.2d at 647. The court noted that the trial court had the opportunity to view and weigh the credibility of the defendant, listen to the detective’s statements, including Russell’s statement admitting that he had “roughed up” the victim, but denying hitting her. It concluded that the court had not abused its discretion in finding by the greater weight of the evidence that Russell had committed the battery.
 

 Nugent argues that
 
 Russell
 
 is distinguishable, because there the defendant admitted some contact with the victim. While that is true, we do not think it is controlling. The essential holding of
 
 Russell
 
 remains that each case must be judged by its unique facts and circumstances but that corroborating non-hearsay evidence of each element of the battery used to revoke probation is not required.
 

 In this case, the trial court determined that the non-hearsay evidence was sufficient, combined with the hearsay evidence, to support a finding by the greater weight of the evidence that the violation was willful. The trial court had pictures of the victim’s injuries and the testimony of two police officers regarding the incident, the victim’s reactions and readiness with his identification at the show-up. In addition, the court listened to the victim, under oath, tell his version of the incident. Thus, the trial court was able to hear the intonations of voice and the assuredness with which the victim spoke. These would as
 
 *532
 
 sist the trial court in making credibility determinations. The trial court did not abuse its discretion in determining that Nugent willfully committed a violation of probation by battering the victim.
 

 As a second issue, Nugent maintains that the evidence was insufficient to prove corruption by threat to a public official. Section 838.021, Florida Statutes, makes it a crime to threaten harm to a public official with the intent to influence a discretionary act by that official. We agree that the evidence did not prove the elements of the crime.
 

 Two of Nugent’s outbursts to the officers occurred while Nugent was in handcuffs and amounted to statements of what he would do to the officers if he weren’t in handcuffs. In
 
 Kositsky v. State,
 
 974 So.2d 614 (Fla. 4th DCA 2008), we held that a threat, directed to an officer, of what the accused would do if his handcuffs were removed did not constitute the crime of corruption by threat. We noted, “The threat to slit the officer’s throat ‘if the cuffs were removed’ could not have had the intent of influencing the performance of an act. If anything, it would have the opposite effect.” As to Nugent’s statement to the officers at the police station that they should not report him to immigration authorities “or else,” the statement does not contain a threat of “harm,” which is defined in the statute as “pecuniary or other loss, disadvantage, or injury to the person affected.” § 838.014(5), Fla. Stat. “Or else” may sound ominous, but it is vague and does not amount to a threat of harm as defined in the statute.
 

 Although we conclude that the court erred in finding a violation of probation based upon the charge of corruption by threat, we do not remand for reconsideration by the trial court. We conclude that the finding that Nugent violated his probation by committing the battery on the elderly victim is more than sufficient to warrant revocation of his probation.
 
 See Cherisma v. State,
 
 789 So.2d 1247 (Fla. 4th DCA 2001).
 

 Affirmed.
 

 GROSS, C.J., and CIKLIN, J., concur.