DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**T.J.**, a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1282

[January 28, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elijah H. Williams, Judge; L.T. Case Nos. 12-584DL00A and 12-1249DL00A.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

STEVENSON, J.

In this appeal, the minor defendant challenges an order finding him guilty of numerous violations of probation, including the commission of numerous substantive criminal offenses, and the resulting revocation of his probation and commitment to a level 6 facility. While defendant raises a number of issues, we affirm the trial court's order in its entirety, save the finding that defendant violated probation by committing the crime of criminal mischief.

Since all the evidence purportedly establishing defendant as the culprit who threw a rock through the window of a Walgreens store was hearsay, we reverse this finding. *See* § 806.13(1)(a), Fla. Stat. (2012) (defining offense of criminal mischief); *Russell v. State*, 982 So. 2d 642, 646 (Fla. 2008) (recognizing hearsay is admissible in violation of probation proceedings, but hearsay alone may not form the sole basis for revocation). The trial court's order is affirmed in all other respects, including the findings that defendant violated his probation by failing to complete community service hours and committing petit theft, grand theft and

burglary. *See McKenzie v. State*, 38 Fla. L. Weekly D2379 (Fla. 3d DCA Nov. 13, 2013) (recognizing reversal of one of many violations does not require reversal of order of revocation or sentence, where, based upon the record, appellate court is confident the trial court would have revoked probation and imposed the same sentence).

*Reversed in part and Affirmed in part.*

CIKLIN and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***