IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MARCUS WHITE,

       Appellant,

v.

STATE OF FLORIDA,

       Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3757

Opinion filed July 8, 2015.

An appeal from the Circuit Court for Leon County.
Frank Sheffield, Judge.

Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel and Jillian H. Reding, Assistant Attorneys General, Tallahassee, for Appellee.

RAY, J.

Appellant, Marcus White, appeals the revocation of his probation. We agree with Appellant's contention that the revocation was based solely on hearsay. Accordingly, we reverse.

During the violation of probation hearing, Appellant's probation officer testified that on the evening at issue, she went to Appellant's home to check his

compliance with the curfew condition of his probation. She did not get out of her car but communicated with Appellant's uncle and an unnamed woman, who were in a group that was drinking and talking on Appellant's porch. Appellant's uncle stated that Appellant had gone to a store, and the unnamed woman stated that Appellant was in the shower inside the house. Neither would retrieve Appellant from the home, and when the unnamed woman began to raise her voice, the probation officer chose to leave for her own safety. Before leaving, the probation officer asked the woman to tell Appellant she had come by and to contact her. Appellant did not call the probation officer until the next morning, when he stated that he had been in the shower when she arrived and that his uncle had been drunk and had lied about Appellant's whereabouts.

The trial court found Appellant in violation of his probation for failing to adhere to his curfew, revoked his probation, and sentenced him to thirty-six months in prison. That sentence was later reduced to thirty-three months for an unrelated reason.

While a trial court has broad discretion to determine whether a person has willfully and substantially violated his probation, findings supporting that determination must be supported by competent, substantial evidence. Prickett v. State, 895 So. 2d 533, 534 (Fla. 1st DCA 2005); Van Wagner v. State, 677 So. 2d 314, 317 (Fla. 1st DCA 1996). Hearsay evidence is admissible at evidentiary

2

hearings for probation revocation, but a decision to revoke probation cannot be based entirely on hearsay. Smith-Curles v. State, 24 So. 3d 702, 702-03 (Fla. 1st DCA 2009); Stewart v. State, 926 So. 2d 413, 414 (Fla. 1st DCA 2006); C.B.H. v. State, 117 So. 3d 450, 451 (Fla. 2d DCA 2013) (concluding that a probation officer's testimony was insufficient to support probation revocation where the probation officer did not search the probationer's home and instead relied on a statement by the probationer's mother that he was not home); Rowan v. State, 696 So. 2d 842, 843 (Fla. 2d DCA 1997) (concluding that a probation officer's reliance on statements from the probationer's landlord that he had moved in violation of his probation was insufficient in itself to support probation revocation).

In arguing that the revocation was based on more than hearsay, the State relies on the probation officer's personal observations on the evening at issue, her discussion with Appellant the next morning, testimony concerning a post-curfew visit to Appellant's home on a prior occasion, and Appellant's knowledge of the protocol in case an emergency precludes compliance with his curfew. None of this testimony provides evidence that Appellant violated his curfew on the night in question. Rather, the only evidence substantiating the charge that Appellant violated his probation was hearsay. Therefore, we reverse the revocation of probation and the resulting prison sentence.

REVERSED.

3

LEWIS and KELSEY, JJ., CONCUR.