MARSTILLER, J.
Brandon Derrick Rodgers appeals an order revoking his probation and the 15-year prison sentence subsequently imposed. He had been on probation after pleading guilty to possession of a firearm by an adjudicated delinquent and serving a three-year prison sentence for that crime. After holding an evidentiary hearing, the trial court found Rodgers violated the following probation conditions.
• Condition (2) by failing to pay the State of Florida $40.00 per month toward the cost of supervision;
• Condition (4) by possessing, carrying or owning any weapon or firearm;
• Condition (5) by failing to live and remain at liberty without violating any law, having committed armed robbery with a firearm, resisting an officer without violence and possession of a firearm by a convicted felon;
• Special condition (2) by possessing a firearm;
*238 • Special conditions (8) and (10) by failing to make payments toward court costs and surcharge;
• Special condition (4) by failing to pay for drug test fees.
Rodgers argues the State presented insufficient non-hearsay evidence that he committed any crime, except resisting an officer without violence, or that he failed to pay the costs and fees specified.
“In determining whether probation should be revoked ... trial courts must consider ... whether, under the facts and circumstances, a particular violation is willful and substantial and is supported by the greater weight of the evidence.” Russell v. State, 982 So.2d 642, 646 (Fla.2008). “While a trial court has broad discretion to determine whether a person has willfully and substantially violated his probation, findings supporting that determination must be supported by competent, substantial evidence.” White v. State, 170 So.3d 144, (Fla. 1st DCA 2015). Hearsay evidence, though admissible in violation-of-probation hearings, is not sufficient alone to establish a violation. See id. at 145 (and cases cited therein). The hearsay must be corroborated by non-hearsay evidence. See Russell, 982 So.2d at 646; McDoughall v. State, 133 So.3d 1097, 1099 (Fla. 4th DCA 2014); Boyd v. State, 1 So.3d 1186, 1187 (Fla. 2d DCA 2009). However, “[cjorroboration of every aspect [of the violation alleged] should not be required in order to establish that the probationer committed [the violation] for the purpose of revoking probation.” Russell, 982 So.2d at 647.
To prove Rodgers committed new law violations, the State presented the testimony of the two patrol officers who responded to an armed robbery dispatch issued after the victim called 911. The state also introduced the 911 call recording, but did not present the victim as a witness at the hearing. The first officer to testify, Officer Bannister testified the information from the dispatch specified that the robbery suspect was a tall black male wearing a black tee shirt and light blue jeans, and was armed with a gun. Arriving at the scene — outside a Jacksonville nightclub in the early morning hours — approximately five minutes after receiving the dispatch, Officer Bannister interviewed the victim. The officer recounted the victim’s statement of how she was robbed at gunpoint, testified that the victim identified Rodgers as the perpetrator, and testified that she identified her purse and her costume jewelry, which were both found on the ground a short distance away from the scene after Rodgers was apprehended. Officer Bannister’s testimony was all hearsay, which the trial court acknowledged.
The second officer to testify, Officer Hice, also responded to the robbery dispatch, arriving at the scene approximately one minute after it issued. Five to ten minutes later, he saw an individual matching the suspect’s description walking behind the nightclub. Officer Hice turned on his cruiser’s emergency lights, at which point the individual ran. He pursued the suspect, first in the cruiser, then on foot. While chasing the suspect, Officer Hice saw the individual reach into his waistband. He did not see a firearm or observe the suspect discard anything as he was running away. However, after catching the suspect, he found a firearm, a purse and jewelry on the ground along the suspect’s escape path. The victim later positively identified her belongings and Rodgers as the perpetrator. Officer Hice testified he saw no one else in the vicinity as he chased Rodgers, and he observed no other individuals matching the suspect’s description from the dispatch. Rodgers was indeed wearing a black tank top and light-colored stonewashed jeans. Officer *239 Hice also said he found in Rodgers’ pocket a piece of broken jewelry that matched the jewelry the victim identified as hers.
We conclude Officer Hice’s testimony constitutes competent non-hearsay evidence supporting the hearsay evidence Officer Bannister gave. Rodgers matched the description the victim gave of the man who robbed her, and was seen behind the nightclub outside of which the robbery occurred only a few minutes after the 911 call and Sheriffs Office dispatch. The gun and the victim’s purse and jewelry were found along Rodgers’ path of flight immediately after he was caught. He had in his pocket a broken piece of jewelry that, in Officer Hice’s observation, matched the victim’s stolen jewelry. No one else was in the vicinity. This circumstantial non-hearsay evidence, by itself, does not prove Rodgers committed the offenses. But it does not have to. See Russell, 982 So.2d at 647. It need only support the hearsay evidence by providing other evidence of Rodgers’ misconduct, which it does. See Combs v. State, 351 So.2d 1103, 1103 (Fla. 4th DCA 1977); cf. Hall v. State, 744 So.2d 517, 521 (Fla. 3d DCA 1999) (reversing revocation of probation for new offenses of burglary of an occupied conveyance and strong arm robbery by smashing car window and grabbing purse where non-hearsay evidence showed only that appellant had a “very minor” “razor cut” on his hand, and victims’ stolen credit cards and money were in someone else’s possession). And the hearsay and non-hearsay evidence taken together must be enough to support the trial court’s determination that the firearm possession and new offense probation violations were proven by the greater weight of the evidence, which it is. See Russell, 982 So.2d at 646 (citing State v. Carter, 835 So.2d 259, 261 (Fla.2002)); Williams v. State, 163 So.3d 1257, 1258 (Fla. 1st DCA 2015) (stating the prosecution must prove willful probation violation by a preponderance of the evidence); Webb v. State, 154 So.3d 1186, 1188 (Fla. 4th DCA 2015) (stating that, to establish probationer committed the alleged offense and violated probation, the proof required is a preponderance of the evidence). We therefore affirm the revocation order to the extent it finds Rodgers violated conditions (4) and (5) and special condition (2) of his probation.
We do not reach a similar conclusion about the violations based on failure to pay costs and fees. Not only did the State fail to establish those violations with evidence other than hearsay, the trial court made no “explicit[] finding that [Rodgers] had the ability to pay and willfully refused to do [so].” Crowley v. State, 124 So.3d 434, 436 (Fla. 1st DCA 2013). Indeed, nothing in the hearing transcript indicates the court took the unpaid costs and fees into account when it revoked Rodgers’ probation. Accordingly, we strike those portions of the revocation order finding Rodgers violated condition (2) and special conditions (3), (4) and (10).
AFFIRMED as modified.
THOMAS and KELSEY, JJ., concur.