IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHNATHAN CRAWFORD,

      Appellant,

 v.                                               Case No.  5D17-2729

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 13, 2018

Appeal from the Circuit Court
for Brevard County,
Nancy Maloney, Judge.

James S. Purdy, Public Defender, and
Craig R. Atack, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Chance,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, C.J.

ON MOTION FOR REHEARING

Upon consideration of the State's motion for rehearing, we grant the motion,

withdraw our prior opinion, and substitute this one in its place.

Johnathan Crawford appeals his judgment and sentence following a finding that he violated probation. On appeal, Crawford argues that the trial court erred in relying solely on hearsay in making that determination. We agree and reverse.

Crawford's violation of probation charges arose from a domestic violence incident. Specifically, in the affidavit of violation of probation, the State charged Crawford with two violations of condition five of his probation based on the alleged false imprisonment and battery of the alleged victim on the night in question. However, there was no testimony from the hearing that would support a finding that Crawford falsely imprisoned the victim. The issue of battery presents a closer call. Yet, the victim's testimony provided insufficient non-hearsay evidence to support a finding that Crawford committed a battery on the victim.

At the violation hearing, the State presented three witnesses. The State first called Crawford to establish that he was the individual who had been placed on probation. The State next called Crawford's girlfriend, the alleged victim of the domestic violence. She testified that she could not remember anything about the evening in question, including what she told a 911 operator. She testified that she called 911 because she and Crawford "got into an altercation." However, she denied having any physical contact with Crawford that evening and stated she did not recall what she told the responding officers. The State's last witness was Officer Varela, who testified that his involvement was "administrative only." The State neither admitted the alleged victim's 911 call into evidence nor presented the testimony of the responding officers who, according to the

arrest affidavit, observed red marks on the alleged victim's neck. However, the State admitted the investigative documents into evidence.[1]

While the trial court correctly noted that hearsay, such as an arrest affidavit, is admissible in a violation of probation hearing, a finding of violation of probation cannot be supported by hearsay alone. See Davis v. State, 831 So. 2d 792, 793 (Fla. 5th DCA 2002). The State argues that it presented some non-hearsay testimony at the hearing and therefore sufficient evidence supported the finding that Crawford violated probation. The State points to the alleged victim's testimony that she was in a relationship with Crawford and the couple was involved in an altercation on the night in question. However, the State conflates an altercation with the commission of a battery. Giving the word its ordinary meaning, an altercation is "[a] vehement dispute; a noisy argument." *Altercation*, Black's Law Dictionary (10th ed. 2014). Describing the incident as an altercation does not equate to the commission of a battery. To the contrary, the victim denied any physical contact with Crawford on the evening in question.

Although the non-hearsay testimony need not independently establish a charged violation, the alleged victim's testimony fails to sufficiently support the charged violations in this case. See Kalmbach v. State, 988 So. 2d 1279, 1280 (Fla. 5th DCA 2008) (noting that "non-hearsay evidence does not have to independently establish the probation violation; it need only support the hearsay evidence" (citing Russell v. State, 982 So. 2d 642, 646 (Fla. 2008))). While the trial court was free to find the alleged victim's testimony unworthy of belief, it was incumbent upon the State to present some evidence other than

---

[1] The State's exhibit was labeled, "Orlando PD Offender compact package, Field Report, and associated pictures." However, no pictures are included in the record.

hearsay to prove its allegations. The State failed to carry that burden. Had the State presented the responding officers' testimony, rather than only the investigative documents, the result in this case might have been different. <u>See</u> <u>Russell</u>, 982 So. 2d at 647.

REVERSED and REMANDED.

BERGER and LAMBERT, JJ., concur.