# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-183
Lower Tribunal No. F21-377A
_____


**Frederick Bryant,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.


Before FERNANDEZ, GORDO and LOBREE, JJ.

PER CURIAM.

Frederick Bryant ("Bryant") appeals the trial court's order revoking his probation and imposing sentence. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). For the following reasons, we reverse.

Bryant entered a plea of nolo contendere to aggravated assault with a firearm, a third degree felony. The trial court withheld adjudication of guilt and placed him on probation for two years. A few months later, Bryant's probation officer filed an affidavit of violation of probation, which was later amended. In the amended affidavit, Bryant's probation officer alleged that Bryant violated his probation by (1) failing to live without violating any law by committing the offense of armed robbery with a firearm or deadly weapon on October 18, 2022;[1] (2) failing to pay drug testing fees; (3) failing to complete an anger management course; and (4) failing to complete a firearm safety course.

The trial court conducted a violation of probation hearing. During the hearing, the trial court heard testimony from Bryant's probation officer and the police officer who responded to the scene and investigated the armed robbery. The victims of the armed robbery did not testify. The State presented hearsay evidence as to Bryant's failure to live without violating any law. The hearsay evidence, however, was not corroborated by non-hearsay

---

[1] The State "no-actioned" the case due to lack of victim cooperation.

2

evidence. Further, during the hearing, Bryant's probation officer conceded that Bryant still had more time to pay the drug testing fee and to complete the anger management and firearm safety courses.

At the conclusion of the hearing, the trial court ruled that Bryant violated his probation, and sentenced Bryant to two years in prison, with credit for time served, followed by six months of probation. The written order of revocation of probation provides that Bryant violated his probation by failing to live without violating any law by committing the offense of armed robbery with a firearm, failing to pay drug testing fees, failing to complete an anger management course and failing to complete a firearm safety course. Bryant's appeal followed.

We review the trial court's revocation of probation under an abuse of discretion standard. See Russell v. State, 982 So. 2d 642, 646 (Fla. 2008) (stating that an appellate court "reviews the trial court's revocation [of probation] under an abuse of discretion standard").

Bryant contends the non-hearsay evidence was legally insufficient to support a violation of probation for committing the new law offense of armed robbery with a firearm. We agree.

Hearsay evidence that would be inadmissible during a trial is admissible in a probation revocation hearing to prove a violation of probation.

3

Russell, 982 So. 2d at 646. "However, the hearsay evidence may not form the sole basis for revocation." Id. "The hearsay evidence must be supported by non-hearsay evidence." Id.; see also Clarington v. State, 314 So. 3d 495, 503 (Fla. 3d DCA 2020) ("Hearsay evidence is admissible in violation of probation hearings and can sustain a violation when corroborated by direct evidence." (quoting Robertson v. State, 800 So. 2d 338, 339 (Fla. 3d DCA 2001))); Hall v. State, 744 So. 2d 517, 520 (Fla. 3d DCA 1999) ("The law is clear that a person's probation cannot be revoked solely on the basis of hearsay evidence.").

Based on our independent review of the evidence presented during the revocation of probation hearing, we agree with Bryant's assertion that there was insufficient non-hearsay evidence to support a violation of probation for committing the new law offense of armed robbery with a firearm.[2] Accordingly, we reverse the portion of the revocation order finding that Bryant violated his probation by failing to live without violating any law by committing the offense of armed robbery with a firearm.

---

[2] During the hearing, the State attempted to introduce a surveillance video obtained near the bathroom where a gun was recovered in the trash can. The trial court sustained the defense's objection to the introduction of the video based on lack of authentication. Therefore, our independent review does not include review of the surveillance video. Further, although a gun was found in the bathroom trash can, there is nothing in the record before us to link the gun to Bryant.

4

Next, Bryant argues the written order of revocation of probation cannot stand because it does not comport with the trial court's oral ruling. We agree.

A review of the transcript of the violation of probation hearing reflects that the trial court's ruling that Bryant violated his probation was based solely on Bryant failing to live without violating any law. The trial court did not address the three other alleged violations—failing to pay drug testing fees, failing to complete an anger management course and failing to complete a firearm safety course. Moreover, during the violation of probation hearing, Bryant's probation officer conceded that Bryant still had time to complete these conditions. Thus, the portion of the revocation order reflecting that Bryant violated his probation based on these three conditions must be reversed.

Reversed and remanded.