FIRST DISTRICT COURT OF APPEAL

_____

No. 1D2025-0468
_____

TROY LEE JACKSON

   Appellant,

   v.

STATE OF FLORIDA

   Appellee.

_____

On appeal from the Circuit Court for Dixie County.
Frederick L. Koberlein, Jr., Judge.

February 25, 2026

OSTERHAUS, C.J.

   Troy Lee Jackson challenges the trial court's finding that he violated the terms of his probation by driving a vehicle. We agree with his argument and reverse the trial court's finding of a probation violation and modification of probation.

   After the trial court adjudicated Appellant guilty of fleeing and eluding a police officer at high speed, it withheld sentence and placed Appellant on ten years of probation with a one-year driver's license suspension. About six months later, Jackson was arrested for violating his probation by driving a vehicle. At a subsequent hearing, the trial court found that Jackson knowingly violated the terms of his probation by driving a vehicle.

   A trial court has broad discretion to determine whether a person has willfully and substantially violated his probation.

*White v. State*, 170 So. 3d 144, 145 (Fla. 1st DCA 2015). But findings supporting that determination must be supported by competent, substantial evidence. *Id.* We review a trial court's revocation decision of whether a willful and substantial violation of probation took place for abuse of discretion. *Staples v. State*, 202 So. 3d 28, 32 (Fla. 2016).

Here, the problem with the violation of probation finding is that, although Appellant's license had been ordered to be suspended as a special condition of his probation, the court did not communicate the effective date on which the suspension would start, either orally or in writing. In fact, the trial court's written probation order stated only that Appellant's "Driver's License privilege *will be* suspended for a period of one year." (Emphasis added.) Furthermore, Appellant's license had not yet been suspended by the Department of Highway Safety and Motor Vehicles at the time of his subsequent arrest. Appellant still possessed a valid Florida driver's license on that date. Although Appellant acknowledged the various conditions of his probation at the initial hearing, there is no evidence that he knew his license or driving privileges had been immediately suspended by the court. *See Marzendorfer v. State*, 976 So. 2d 596, 599 (Fla. 1st DCA 2007) (holding that absent a clearly specified beginning or end date, probationers cannot be charged with violating a required probationary condition until the remaining period of probation was too short to perform the condition); *cf. Mathis v. State*, __ So. 3d __, 2025 WL 3466454 at *1 (Fla. 4th DCA Dec. 3, 2025) ("A trial court errs in finding a violation of probation for failing to complete required community service where a probation order contains no formally imposed deadline to complete the service hours and sufficient time remains in the probationary period to complete the service hours."). And so, under these circumstances, Appellant should not have been considered to have violated his probation.

Accordingly, we REVERSE the trial court's finding that Appellant violated probation, and REMAND for restoration of the original term of Appellant's probation.

ROBERTS and BILBREY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Jessica J. Yeary, Public Defender, and Flor Diaz-Wayt, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Ryan Roy, Assistant Attorney General, Tallahassee, for Appellee.